**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward J Gladney,<br><br>        Plaintiff,<br><br>v.<br><br>JT Shartle, et al.,<br><br>        Defendants. | No. CV-17-00427-TUC-DCB<br><br>**ORDER** |

The Court has reviewed the Plaintiff's Motion to Compel and Defendants' Objections. The Court finds that the Plaintiff's discovery requests are relevant to the case: whether Defendants' duty of care fell below the standard of care for protecting inmates in their custody. Plaintiff alleges that Defendants failed to provide adequate monitoring of an out-of-bounds inmate and failed to adequately staff the housing unit with at least two officers resulting in an out-of-bounds inmate, not assigned to Plaintiff's housing unit, entering and sexually assaulting the Plaintiff. (Second Amended Complaint (Doc. 10) at 15 ¶ 3.) The Court finds that Defendant shall file the documents they identified as being possibly responsive to Requests for Production 1,[1] 6 and 8 with the Court for *en camera* review. The Court will consider the security and privacy issues on *en camera* review. Request for Production 7 has been withdrawn. Defendant has answered Interrogatoy 3: "How did inmate Terell Powell gain access to B-2 Unit at USP Tucson on May 19, 2016,

---

[1] Institution Supplement 5500.14B, Inmate Accountability, and Post Orders for May 19, 2016.

between the hours of 9:01 am -10:05 a.m.?" They do not know and do not have a recording of his entry to the Unit.

The Plaintiff also seeks appointment of counsel and appointment of an expert in sexual trauma/psychological profession to testify regarding the effects of physical sexual trauma. He seeks an extension of the deadline for disclosing his expert until the Court rules on the latter request. The Defendants do not object to the extension of time for disclosing experts.

There is no constitutional right to the appointment of counsel in a civil case. *See, Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of a plaintiff to articulate his claims *pro se* given the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986). Having considered both elements, it does not presently appear that exceptional circumstances exist that would require the appointment of counsel.

Likewise, the Court finds that it will extend the time for disclosing what appears to be a damage expert until such a time as liability is established. The Court anticipates that Defendants will seek a motion for summary judgment at least under the discretionary-function exception to liability under the FTCA. Thereafter, the Plaintiff may re-urge his request for appointment of a damage expert.

**Accordingly,**

**IT IS ORDERED** that the Motion to Compel (Doc. 41) is DENIED IN PART AND GRANTED IN PART.

**IT IS FURTHER ORDERED** that within 14 days of the filing date of this Order, the Defendant shall file the responsive productions described above with the Court *en camera*.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Doc. 43) is DENIED, without prejudice to it being re-urged following dispositive motions.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Expert Witness in the sexual trauma/psychological profession (Damage Expert) (Doc. 42) is DENIED, without prejudice to it being re-urged following dispositive motions.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time for Disclosure of Expert Witnesses (Doc. 47) is GRANTED only for damage experts. The deadline for disclosing all other experts has past, November 20, 2018.

Dated this 19th day of December, 2018.

_____
Honorable David C. Bury
United States District Judge