IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

EDWARD J. GLADNEY )
   Plaintiff, )
   )
v. )    CIVIL NO.: 17-cv-427-DCB
   )
THE UNITED STATES )
  OF AMERICA, )
   Defendant. )

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Plaintiff, Edward J. Gladney, Pro Se, submit the following list of undisputed facts that entitles the Plaintiff to Summary Judgment, as a matter of law, on Plaintiff's claim of negligence.

1. On May 19, 2016, the Plaintiff was assigned to B-2 Housing Unit at United States Penitentiary (U.S.P.) Tucson. (Exbt. #1, (#1))

2. On May 19, 2016, the "alleged" assailant was assigned to D-1 Housing Unit as U.S.P. Tucson. (Exbt. #3, (#2))

3. On May 19, 2016, during the time of the "alleged" incident, there was one Housing Unit Officer on duty on B-2 Unit. (Exbt. #3, (#5))

4. The 'alleged assailant was placed in the Special Housing Unit (SHU) on May 20, 2016. (Exbt. #5, (#13))

5. An inmate may be placed in SHU after the inmate has been found to have committed a prohibited act of Being in an Unauthorized Area (Out-of-Bounds). (Exbt. #5, (#28))

6. Special Housing Units (SHU) are housing units in the Bureau Institutions where inmates are securely separated from the general inmate population. (Exbt. #6)

7. Special Housing Units (SHU) help insure safety, security, and orderly operation of the correctional facilities, and the public. (Exbt. #6)

8. On or about June 28, 2016, the Plaintiff signed "Notification of Central Inmate Monitoring Classification" form (which had/has the same effect as a Separation Order). (Exbt. #5, (#1))

9. The "alleged" assailant was transferred to a different to a different United States Penitentiary shortly after the "alleged" sexual assault. (Exbt. #5, (#7)) and (Exbt. #5, (#26))

10. There is no video footage of the B-2 Unit at the United States Penitentiary Tucson showing the "alleged" assailant entering B-2 Unit during the "alleged" incident. (Exbt. #5, (#21, #22)) and (Exbt. #2, (#10))

11. The agency shall ensure that each facility it operates shall develop, document, and make its best efforts to comply on a regular basis with a staffing plan that provides for adequate levels of staffing, and where applicable, video monitoring, to protect inmates from sexual abuse. (28 C.F.R. 28, Part 115, Section 115.13 (a))

12. The defendant is without knowledge and information concerning how the "alleged" assailant gained access to B-2 Unit on May 16, 2016. (Exbt. #1, (#3))

13. There is no video footage showing who and how many housing unit officers were on duty on B-2 Unit, on May 16, 2016. (Exbt. #52, (#11))

14. The Bureau of Prisons of prisons shall provide suitable quarters and provide for safekeeping, care, and subsistence of all persons convicted of offenses against the United States. (Exbt. #7)

15. The Bureau of Prisons shall provide for the protection, instruction, and discipline of all persons convicted of offenses against the United States. (Exbt. #7)

16. "Breach of security or safety in a Department of Justice program or operation resulting in escape of serious injury" is a Classification 2 case of officer misconduct. (B.O.P. Program Statement # 1210.24 (7)(b))

17. Bureau of Prisons employees are required to remain fully alert and attentive during the duty hours. (Exbt. #3 (#13)) (B.O.P. Program Statement # 3420.11(6)

18. The Plaintiff identifies himself as transgender/feminine and on or about July 21, 2016, received a diagnosis of gender dysphoria. (Exbt. #3, (#16))

19. The plaintiff received a diagnosis of sleep apnea and hypertension shortly after May 19, 2016. (Exbt. #3, (#18))

20. The Plaintiff has reported experiencing anxiety, nightmares, shortness of breath, night sweats, and flashbacks that he claims to be related to events on May 19, 2016. (Exbt. #3 (#11))

21. The Plaintiff has had multiple consultations with B.O.P. Psychology staff, complaining of symptoms stemming from the "alleged" incident at the Unite Sates Penitentiary Tucson. (Exbt. #8)

22. An unsubstantiated (P.R.E.A.) allegation means an alleged that was investigated and the investigation produced insufficient evidence to make a final determination as to whether or not the event occurred. (C.F.R. 28, Part 115, Section 115.5)

23. The agency, (B.O.P.) shall impose no standard higher than **preponderance of the evidence** in determining whether allegations of sexual abuse or sexual harassment are substantiated. (C.F.R. 28, Part 115, Section 115.72)

24. During the time frame of the "alleged" incident, United States Penitentiary was designated as Sex Offender Management facility that housed several sex offenders. (Exbt. #9)

25. The Department of Justice in its summary of the final Prison Rape Elimination Act regulations recognized "…the particular vulnerabilities of inmates who are Lesbian, Gay, Bisexual, Transgender and Intersex or whose appearance or manner does not conform to the traditional gender expectations" and included landmark protections against the types of assaults, harassment, and prolonged isolation that are commonly experienced by LGBT individuals in custody. [77 F. R. 37105 (June 20, 2012)]

26. The agency shall maintain sexual abuse data collected for at least 10 years after the initial collection. (C.F.R. 28, Part 115, Section 115.87(d))

Respectfully Submitted,

March 20th, 2019

EDWARD J. GLADNEY   # 80179-279
USP Coleman II
P.O . Box 1034
Coleman, FL  33521
(352) 689-7000

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed this March 21st, 2019 (month, day, year) to:

Name: AUSA M. A. Ambri

Address: 405 W. Congress St., #4800, Tucson, AZ 85701

Attorney for Defendant(s)

_(Signature)_