## **Exhibit List**

Exbt. #1          Defendant's Response to Plaintiff's First Set of Interrogatories

Exbt. #2          Defendant's Response to Plaintiff's Second Set of Production

Exbt. #3          Defendant's Response to Plaintiff's First Set of Requests For
                  Admissions

Exbt. #4          Defendant's Response to Plaintiff's Second Set of Requests For
                  Admissions

Exbt. #5          Defendant's Response to Plaintiff's Third Set of Requests For
                  Admissions

Exbt. #6          B.O.P. Special Housing Unit (S.H.U.) Program Statement

Exbt. #7          Duties of the Bureau of Prisons

Exbt. #8          Plaintiff's Request for Psychological and Medical Services

*EXBT #1*

1 | ELIZABETH A. STRANGE
First Assistant United States Attorney
2 | District of Arizona
MICHAEL A. AMBRI
3 | Assistant U.S. Attorney
State Bar No. 021653
4 | United States Courthouse
405 W. Congress Street, Suite 4800
5 | Tucson, Arizona 85701
Telephone:  520-620-7300
6 | Email: michael.ambri@usdoj.gov
Attorneys for Defendant United States of America
7

8 |               IN THE UNITED STATES DISTRICT COURT

9 |                    FOR THE DISTRICT OF ARIZONA

10

11 | Edward J. Gladney,                            **4:17-CV-0427-DCB**

12 |                    Plaintiffs,            **DEFENDANT'S RESPONSES**
**TO PLAINTIFF'S FIRST SET OF**
13 |          vs.                           **NON-UNIFORM INTERROGATORIES**

14 | United States of America,

15 |                    Defendant.

16 |          Defendant hereby responds to Plaintiff's first set of non-uniform interrogatories.

17 |                    **INTERROGATORIES AND RESPONSES**

18 |          1.       On May 19, 2016, was Plaintiff's assigned housing unit at U.S.P. Tucson,

19 | B-2 Unit?

20 |          **RESPONSE:  Yes.**

21 |          2.       On May 19, 2016, was Assailant, inmate Terell Powell, assigned to B-2 Unit

22 | at U.S.P. Tucson?

23 |          **RESPONSE:       Defendant    objects    that    "assailant"    is    compound,**

24 | **argumentative and assumes facts that are not established.  Defendant does**

25 | **not by answering this request admit that there was an assault or that inmate**

26 | **Powell is an assailant.  Regarding whether inmate Powell was assigned to B-**

27 | **2 unit on May 19, 2016, Defendant answers no.**

28 |          3.       How did inmate Terell Powell gain access to B-2 Unit at USP Tucson on

1    May 19, 2016, between the hours of 9:01am -10:05 a.m.?

2    **RESPONSE:   Defendant objects that the interrogatory is compound,**
3    **argumentative and assumes facts that are not established.   Defendant is**
4    **without knowledge and information concerning the subject matter of the**
5    **interrogatory.   Such information would be in the possession of inmate**
6    **Powell.**

7    4.    On May 19, 2016 at USP Tucson, was it B.O.P. Policy requiring that all
8    Housing Unit Officers identify every inmate by their I.D. card to verify the entering inmate
9    is listed on the Housing Units' roster?

10    **RESPONSE:  No.**

11    5.    On May 19, 2016 between 9:01 am-10:05 am, on B-2 Unit at USP Tucson,
12    did Officer B. Westling abide by B.O.P. policy and follow the correct protocol when he
13    allowed any inmate, including assailant, to enter his duty post (B-2 Unit)?

14    **RESPONSE:   Defendant objects that the interrogatory is compound,**
15    **argumentative and assumes facts that are not established.  Defendant does**
16    **not by answering this interrogatory admit that Officer B. Westling "allowed**
17    **any inmate, including assailant, to enter his duty post (B-2 Unit)."   To**
18    **Defendant's knowledge, Officer B. Westling did not violate BOP policy.**

19    6.    On May 19, 2016 between 9:01 am-10:05 am, did the Housing Unit Officer
20    on B-2 Unit at U.S.P. Tucson have the discretion to not verify that every inmate entering
21    his duty post (B-2 Unit) was listed on the Housing Unit's roster?

22    **RESPONSE:  Yes.**

23    7.    Per Policy, on May 19, 2016, how many Housing Unit Officers were to be
24    staffed on duty in each Housing Unit, including B-2 Unit, at USP Tucson?

25    **RESPONSE:   Defendant objects that the interrogatory is vague and**
26    **ambiguous as to the shift.   At the time, there was to be one officer during**
27    **the day shift and night shift, and two officers during the evening shift.**

28    8.    On May 19, 2016 between the hours of 9:01 am-10:05 am, how many

"assaults."  Risk of victimization is screened on a case-by-case basis, based on a number of factors, and the level of risk varies from inmate to inmate.

17.    On May 19, 2016 between 9:01 am-10:05 am, on B-2 Unit at U.S.P. Tucson, did staff have a duty to exercise ordinary care or reasonable care to protect Plaintiff?

RESPONSE:  BOP had the duties defined in 18 U.S.C. § 4042.

18.    On May 19, 2016, between 9:01 am-10:05 am, on B-2 Unit at U.S.P. Tucson, did staff exercise ordinary care or reasonable care?

RESPONSE:  BOP staff fulfilled its duties.

19.    Have you, Defendant, reviewed any relevant video footage related to the incident that transpired on May 19, 2016 on B-2 Unit at U.S.P. Tucson?

RESPONSE:   Defendant objects that "relevant" and "incident" are argumentative, vague and assume facts that are not established.  Defendant reviewed video footage in connection with Plaintiff's allegation of assault.

20.    Did the United States of America provide suitable quarters, safekeeping, subsistence, and protection of the victim on May 19, 2016 between 9:01 am-10:05 am at U.S.P. Tucson, on B-2 Unit?

RESPONSE:  Defendant objects that "victim" is argumentative and assumes facts that are not established.  Defendant does not by answering this request acquiesce in any facts not expressly admitted herein.  Defendant provided suitable quarters, safekeeping, subsistence and protection to Plaintiff during the time stated in the interrogatory.

RESPECTFULLY SUBMITTED this 2nd day of July, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

/s/ Michael A. Ambri
MICHAEL A. AMBRI
Assistant U.S. Attorney
Attorneys for Defendant

1

Served by first class U.S. mail this 13th day of June, 2018:

2

Edward J. Gladney
No. 80179-279
3   USP Coleman II
P.O. Box 1034
4   Coleman, FL  33521

5

*/s/ Michael A. Ambri*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXBT. #2

1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  District of Arizona
   MICHAEL A. AMBRI
3  Assistant U.S. Attorney
   State Bar No. 021653
4  United States Courthouse
   405 W. Congress Street, Suite 4800
5  Tucson, Arizona 85701
   Telephone:  520-620-7300
6  Email: michael.ambri@usdoj.gov
   Attorneys for Defendant United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9                FOR THE DISTRICT OF ARIZONA

10
   Edward J. Gladney,                        4:17-CV-0427-DCB
11
                 Plaintiffs,         DEFENDANT'S RESPONSES
12                                  TO PLAINTIFF'S SECOND REQUEST
          vs.                       FOR PRODUCTION OF DOCUMENTS
13                                      AND TANGIBLE ITEMS
   United States of America,
14
                 Defendant.
15

16         Defendant hereby responds to Plaintiff's requests for production.

17              **REQUESTS FOR PRODUCTION AND RESPONSES**

18         1.    Any and all duties of Housing Unit officers at USP Tucson that existed on

19  May 19, 2016.

20         **RESPONSE:   Defendant objects that "any and all duties" is vague,**

21  **ambiguous and overbroad.   Defendant herewith provides Program**

22  **Statement 5500.14, *Correctional Services Procedures Manual*.   Defendant**

23  **withholds Institution Supplement 5500.14B, Inmate Accountability, and Post**

24  **orders from 1/16/2015, which may or may not come within the scope of the**

25  **request, depending on the meaning of "any and all duties."   The withheld**

26  **materials contain law enforcement privileged information detailing specific**

27  **resources, means and methods employed at the prison.   The information**

28  **lacks relevance to the claims and defenses and its disclosure would threaten**

1  the secure and orderly operation of the prison.

2      2.      Any and all Policies, Directives, Memorandums, and/or instructions to staff

3  concerning inmates entering any Housing Unit at USP Tucson that existed on May 19,

4  2016.

5      **RESPONSE:  Defendant objects that "concerning inmates entering any**

6  **Housing Unit" is vague, ambiguous and overbroad.  Defendant incorporates**

7  **its response to request No. 1, above.**

8      3.      Any and all logs, lists, or other documentation reflecting how many Housing

9  Unit Officers were staffed on duty on B-2 Unit on May 19, 2016, during the hours of 9:01

10  am and 10:05 am at USP Tucson.

11      **RESPONSE:  Defendant objects and withholds its daily roster dated May 19,**

12  **2016, on the basis of law enforcement privilege and proportionality.  The**

13  **document details specific staffing schedules and patterns which, if**

14  **disclosed, would jeopardize the secure and orderly operation of the prison.**

15  **Defendant also objects that disclosure of the document is unnecessary in**

16  **that Defendant has admitted Plaintiff's allegation that one housing unit**

17  **officer was on duty in B-2 Unit during the time referenced in the request.**

18      4.      Any and all email communications between Medical and Psychology staff

19  and Plaintiff, from May 19, 2016 to the date of your response.

20      **RESPONSE:  Please see emails provided herewith.**

21      5.      Any and all documents related to the May 19, 2016 incident.

22  **RESPONSE:  Defendant objects that the request does not describe the**

23  **requested records with sufficient particularity and is overbroad.  Defendant**

24  **further objects that, depending on the intended scope of the request, the**

25  **request encompasses information protected by law enforcement and**

26  **investigation privilege (investigatory materials), the attorney-client privilege**

27  **(materials generated in this litigation), the work product doctrine (materials**

28  **generated in this litigation), and the Privacy Act of 1974, 5 U.S.C. § 552a**

1  (information relating to inmates other than Plaintiff).

2  6.      Any and all documents related to the disciplinary history of assailant Terell

3  Powell.

4  **RESPONSE:   Defendant objects and withholds data on the basis that**

5  **disclosure is prohibited by the Privacy Act of 1974, 5 U.S.C. § 552a.**

6  7.      The incident report given to Terell Powell on May 20, 2016.

7  **RESPONSE:   Defendant objects and withholds data on the basis that**

8  **disclosure is prohibited by the Privacy Act of 1974, 5 U.S.C. § 552a.**

9  8.      Any and all documents reflecting the 2016 transfer of Terell Powell to a

10  different institution.

11  **RESPONSE:   Defendant objects and withholds data on the basis that**

12  **disclosure is prohibited by the Privacy Act of 1974, 5 U.S.C. § 552a.**

13  9.      Any and all documents and/or logs reflecting how many Prison Rape

14  Elimination Act (P.R.E.A.) related incidents occurred at U.S.P. Tucson from January 1,

15  2011 to the date of your response.

16  **RESPONSE:   Defendant objects and withholds PREA reports on the**

17  **following grounds:  The requested information is not relevant to the claims**

18  **and defenses in this action.   The reports contain information relating to**

19  **inmates other than Plaintiff the disclosure of which is prohibited under the**

20  **Privacy Act of 1974, 5 U.S.C. § 552a.  The reports divulge law enforcement**

21  **privileged information concerning specific steps taken by BOP with respect**

22  **to PREA matters.  Disclosure of the information would jeopardize the secure**

23  **and orderly operation of the prison.**

24  10.     Any and all video footage or still images (photographed) of B-2 Unit at

25  U.S.P. Tucson, showing inmate (assailant) Terell Powell entering the entrance of B-2

26  Unit, by bypassing Housing Unit Officer B. Westling, on May 19, 2016 between the hours

27  of 9:01 am and 10:05 am.

28  **RESPONSE:  None.**

1

2

3

       11.    Any and all video footage of B-2 Units' interior, at U.S.P. Tucson, reflecting who and how many Housing Unit Officers were staffed on duty, on May 19, 2016 between the hours of 9:01 am and 10:05 am.

4

5

6

7

8

9

10

11

12

13

**RESPONSE: None. Defendant has video footage of B-2 Unit but it does not show who and how many housing unit officers were on duty. Defendant objects to disclosure of the video on the following grounds: The video includes images of inmates other than Plaintiff whose disclosure is prohibited under the Privacy Act of 1974, 5 U.S.C. § 552a. The video is not necessary to establish that one housing unit officer was on duty at the time referenced in the request because Defendant has admitted that fact in response to Plaintiff's discovery requests. The video divulges specific information about the prison's surveillance resources, means and methods whose disclosure would jeopardize prison security and order.**

14

15

16

       12.    Any and all video footage of B-2 Units' entrance area at U.S.P. Tucson showing the procedure(s) that Housing Unit Officers followed before allowing any inmate to enter the Unit between May, 19, 2015 – June 1, 2016.

17

    **RESPONSE: None.**

18

19

       13.    Any and all video footage of B-2 Units' entrance area at U.S.P. Tucson on August 11, 2016 between 6:30 am and 7:05 am.

20

    **RESPONSE: None.**

21

22

       14.    Any and all video footage of B-2 Units' entrance area at U.S.P. Tucson on November 13, 2016 between 6:40 am and 6:58 am.

23

    **RESPONSE: None.**

24

25

       15.    Any and all video footage of B-2 Units' entrance area at USP Tucson on May 25, 2017 between 8:55 am and 9:35 am.

26

    **RESPONSE: None.**

27

28

       16.    A complete copy of the U.S. Department of Justice Federal Bureau of Prisons Program (Policy) Statement #3420.11 and #1210.24.

1    **RESPONSE:**    Please  see  Program  Statement  3420.11,  *Standards  of*
2  *Employee Conduct,* and  Program  Statement  1210.24,  *Office of Internal Affairs,*
3  provided herewith.

4        DATED this 2nd day of July, 2018.

5
                                    ELIZABETH A. STRANGE
6                                   First Assistant United States Attorney
                                    District of Arizona
7

8                                   /s/ Michael A. Ambri
                                    MICHAEL A. AMBRI
9                                   Assistant U.S. Attorney
                                    Attorneys for Defendant
10

11  Copy of the foregoing served by first class U.S. mail this 2nd day of July, 2018, to:

12  Edward J. Gladney
    No. 80179-279
13  USP Coleman II
    P.O. Box 1034
14  Coleman, FL  33521

15  /s/ Lorna Conlisk
16

17

18

19

20

21

22

23

24

25

26

27

28

EXBT #3

1   ELIZABETH A. STRANGE
    First Assistant United States Attorney
2   District of Arizona
    MICHAEL A. AMBRI
3   Assistant U.S. Attorney
    State Bar No. 021653
4   United States Courthouse
    405 W. Congress Street, Suite 4800
5   Tucson, Arizona 85701
    Telephone:  520-620-7300
6   Email: michael.ambri@usdoj.gov
    Attorneys for Defendant United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF ARIZONA

10
    Edward J. Gladney,                          4:17-CV-0427-DCB
11
                    Plaintiffs,          DEFENDANT'S RESPONSES
12                                       TO PLAINTIFF'S FIRST SET
          vs.                            OF REQUESTS FOR ADMISSIONS
13
    United States of America,
14
                    Defendant.
15

16        Defendant hereby responds to Plaintiff's Requests for Admissions dated May 11,
17   2018:

18                 REQUESTS FOR ADMISSIONS AND ANSWERS
19        1.    The Plaintiff's Housing Unit assignment on May 19, 2016, was B-2 Unit
20   while he was confined at U.S.P. Tucson.
21        RESPONSE: Admit.
22        2.    The Assailant's Housing Unit assignment on May 19, 2016, was D-1 Unit.
23        RESPONSE:    Defendant objects that the request is compound and
24   "assailant" is argumentative.  Defendant does not admit any facts not expressly
25   admitted herein including but not limited to whether Plaintiff was assaulted and if
26   so by whom.   Defendant admits only that Plaintiff's alleged assailant Terrell
27   Powell was assigned to D-1 Unit on May 19, 2016.   Defendant denies any
28   remaining allegations of the request.

1

2      3.      Assailant Terrell Powell received an incident report for being out-of-

3   bounds, prior to the May 19, 2016 sexual assault on Plaintiff.

4      **RESPONSE: Deny.**

5      4.      On May 19, 2016, it was standardized B.O.P. policy and procedure that

6   each Housing Unit at U.S.P. Tucson (including B-2 Unit) be staffed with two Housing

7   Unit Officers.

8      **RESPONSE:    Defendant objects that the statement is vague as to**

9   **"standardized B.O.P. policy and procedure" and as to the time of day.  Defendant**

10  **admits only that, on May 19, 2016, housing units including B-2 Unit were staffed**

11  **with two housing unit officers during the evening shift, but not on the day shift.**

12  **Defendant denies any remaining allegations of the request.**

13     5.      On May 19, 2016, between the hours of 9:01am-10:05am, Housing Unit

14  Officer B. Westling was the only Housing Unit Officer staff (on duty) in B-2 Housing Unit

15  at U.S.P. Tucson.

16     **RESPONSE: Admit.**

17     6.      On May 19, 2016, it was B.O.P. standardized policy requiring Housing

18  Unit Officers to verify inmate's identities and housing assignments before allowing them

19  access into a Housing Unit at U.S.P. Tucson.

20     **RESPONSE:  Defendant objects that the statement is vague as to "B.O.P.**

21  **standardized policy."  Deny.**

22     7.      On May 19, 2016, it was required that all inmates have their I.D. in their

23  possession.

24     **RESPONSE: Admit.**

25     8.      On May 19, 2016, Officer B. Westling breached his duty of care by failing

26  to verify Assailant's Housing Unit Assignment before granting him access to enter

27  Plaintiff's Housing Unit (B-2).

28     **RESPONSE: Deny.**

- 2 -

9.    On May 19, 2016, Officer B. Westling failed to "follow instructions or procedures," which was/is a "Classification 3" case of misconduct pursuant to B.O.P. Program Statement 1210.24(7)(c).

**RESPONSE:    Defendant objects that the statement is compound. Defendant admit only that P.S. 1210.24(7)(c) includes "failure to follow instructions" as an example of a Classification 3 case.  Defendant denies any allegation that  Officer Westling failed to follow instructions or that he committed any type of misconduct with respect to events on May 19, 2016.**

10.    On May 19, 2016, Officer B. Westling created a "Breach of security or safety in a D.O.J. program or operation," which was/is a "Classification 2" case of misconduct pursuant to B.O.P. Program Statement 1210.24(7)(b).

**RESPONSE:    Defendant objects that the statement is compound. Defendant admits that P.S. 1210.27(7)(b) includes "Breach of security or safety in a DOJ program or operation resulting in escape or serious injury" as an example of a Classification 2 case.  Defendant denies any allegation that Officer Westling created a breach of security or safety in a D.O.J. program or operation or that he committed any type of misconduct with respect to events on May 19, 2016.**

11.    Plaintiff has reported both physical and psychological symptoms, originating from the May 19, 2016 sexual assault incident at U.S.P. Tucson.

**RESPONSE:  Defendant objects that the statement is vague as to the nature of reports and as to the definition of physical and psychological symptoms.  Defendant cannot account for all of Plaintiff's statements or to whom Plaintiff has made statements, and Defendant is unsure of what Plaintiff means by physical and psychological symptoms, and therefore is without sufficient information to admit or deny.   Defendant also objects that the statement is argumentative.   Defendant does not admit any allegations not specifically admitted herein including but not limited to the truth of any reports by Plaintiff. Defendant admits only that Plaintiff has reported that Plaintiff has experienced**

Case 4:17-cv-00427-DCB   Document 78   Filed 03/25/19   Page 14 of 54

anxiety, nightmares, shortness of breath, night sweats, and flashbacks that he claims to be related to events on May 19, 2016.

12.    On May 19, 2016, Officer B. Westling was aware of his employer's (B.O.P.) Program Statements (policies and procedures) yet either willfully or negligently failed to adhere to them.

**RESPONSE:    Defendant objects that the statement is compound. Defendant also objects that the statement is vague as to which Program Statements.   Defendant denies any allegation that Officer Westling knowingly, willfully, negligently or otherwise failed to adhere to BOP Program Statements, policies or procedures with respect to events on May 19, 2016.**

13.    Pursuant to Federal Bureau of Prisons Program Statement, regarding the Standards of Employee Conduct, 3420.11(6):"Inattention to duty in a correctional environment can result in escapes, assaults, and other incidents.   Employees are required to remain fully alert and attentive during duty hours."

**RESPONSE:    Defendant objects that the request misstates the overall content of the referenced section.   Defendant admits only that P.S. 3420.11(6) states, in part: "Inattention to duty in a correctional environment can result in escapes, assaults, and other incidents. Employees are required to remain fully alert and attentive during duty hours."**

14.    On May 19, 2016, between the hours of 9:01am-10:05am, Defendant U.S.A. failed to provide adequate officer monitoring of an out-of-bounds inmate, on B-2 Unit at U.S.P. Tucson.

**RESPONSE: Deny.**

15.    On May 19, 2016, between the hours of 9:01am-10:05am, Defendant U.S.A. failed to provide the sufficient amount of Housing Unit Officers to B-2 Unit at U.S.P. Tucson.

**RESPONSE: Deny.**

16.    On May 19, 2016, Plaintiff was known or appeared to be "feminine" and/or

- 4 -

1   transgender in demeanor and/or personality.

2       **RESPONSE:  Defendant objects that the statement is vague as to "feminine**

3   **and/or transgender in demeanor and/or personality" and as to whom this**

4   **knowledge or perception is ascribed.   Defendant admits only that Plaintiff**

5   **identified himself as transgender or feminine and, on or about July 21, 2016,**

6   **received a diagnosis of gender dysphoria.**

7       17.   Feminine and/or transgender prisoners housed at male Penitentiary (High-

8   Security) institutions are at a particular risk for assaults, in general.

9       **RESPONSE:   Defendant objects that the statement is vague as to**

10  **"feminine," "particular risk" and the nature of "assaults."  Defendant is unable to**

11  **admit or deny the statement in its current form.  Defendant admits only that risk**

12  **for victimization is screened on a case-by-case basis, based on a number of**

13  **factors, and the level of risk varies from inmate to inmate.**

14      18.   Plaintiff was diagnosed with sleep apnea and hypertension after the

15  incident involving the sexual assault.

16      **RESPONSE:   Defendant objects that the request is compound and**

17  **argumentative.   Defendant does not admit any facts not expressly admitted**

18  **herein including whether or not a sexual assault occurred or any connection**

19  **between any diagnoses and Plaintiff's alleged assault.  Defendant admits only**

20  **that Plaintiff received a diagnosis of sleep apnea on October 31, 2016, and a**

21  **diagnosis of hypertension on November 22, 2016, though symptoms of both**

22  **conditions predate May 19, 2016.**

23      DATED this 13th day of June, 2018.

24                              ELIZABETH A. STRANGE
                                First Assistant United States Attorney
25                              District of Arizona

26                              /s/ Michael A. Ambri
27                              MICHAEL A. AMBRI
                                Assistant U.S. Attorney
28                              Attorneys for Defendant

- 5 -

1    Copy of the foregoing served by first class U.S. mail this 2nd day of July, 2018, to:

2    Edward J. Gladney
     No. 80179-279
3    USP Coleman II
     P.O. Box 1034
4    Coleman, FL  33521

5
     /s/ Lorna Conlisk
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 6 -

EXBT. # 4

1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  District of Arizona
   MICHAEL A. AMBRI
3  Assistant U.S. Attorney
   State Bar No. 021653
4  United States Courthouse
   405 W. Congress Street, Suite 4800
5  Tucson, Arizona 85701
   Telephone: 520-620-7300
6  Email: michael.ambri@usdoj.gov
   Attorneys for Defendant United States of America
7

8                IN THE UNITED STATES DISTRICT COURT

9                    FOR THE DISTRICT OF ARIZONA

10
   Edward J. Gladney,                        **4:17-CV-0427-DCB**
11
                    Plaintiffs,              **DEFENDANT'S RESPONSES**
12                                           **TO PLAINTIFF'S SECOND SET**
                                             **OF REQUESTS FOR ADMISSIONS**
13         vs.

14  United States of America,

15                    Defendant.

16      Defendant hereby responds to Plaintiff's second set of requests for admissions.

17              **REQUESTS FOR ADMISSIONS AND RESPONSES**

18      1.    On May 19, 2016, Federal Bureau of Prisons' policy (and/or procedure)

19  required all Housing Unit Officers at U.S.P. Tucson to verify all inmates' identities and

20  housing assignments prior to allowing him to enter any housing unit at U.S.P. Tucson.

21      **RESPONSE: Deny.**

22      2.    The Defendant/Defendant's attorney has reviewed video footage of the

23  events surrounding the "alleged" events described in the Plaintiff's civil complaint.

24      **RESPONSE:  Defendant objects that "the events surrounding the alleged**

25  **events described in the Plaintiff's civil complaint" is vague and ambiguous.**

26  **Defendant further objects that whether or not Defendant or Defendant's attorneys**

27  **reviewed video footage in connection with this action is protected from**

28  **disclosure by the work product doctrine.   Defendant admits only that, in**

1    investigating Plaintiff's complaint to prison staff on or about March 20, 2016, at

2    least one BOP investigator reviewed video footage of B-2 unit.

3          3.      On May 19, 2016, between the hours of 9:01am – 10:05am, Officer B.

4    Westling did not identify any inmate by I.D. card prior to allowing them to enter B-2 unit

5    at U.S.P. Tucson.

6          **RESPONSE:  Defendant is unable to admit or deny this request at this time.**

7    **Defendant will supplement.**

8          4.      On May 19, 2016, during his entire day shift duty hours, Officer B.

9    Westling did not identify any inmate by I.D. car prior to allowing them to enter B-2 Unit

10   at U.S.P. Tucson.

11         **RESPONSE:  Defendant is unable to admit or deny this request at this time.**

12   **Defendant will supplement.**

13         5.      On May 19, 2016, Federal Bureau of Prisons required each Housing Unit

14   at U.S.P. Tucson, including B-2 Unit, be staffed with a minimum of two Housing Unit

15   Officers.

16         **RESPONSE:  Deny.  There was to be one officer during the day shift and**

17   **night shift, and two officers during the evening shift.**

18         6.      On May 19, 2016, Warden J.T. Shartle was aware that B-2 Unit, at U.S.P.

19   Tucson, only had one Housing Unit Officer on duty during day shift.

20         **RESPONSE:  Defendant objects that the request seeks information that is**

21   **not relevant to the claims or defenses.**

22         7.      On May 19, 2016, between the hours of 9:01am – 10:05am, Officer B.

23   Westling properly performed all of his duties as a Housing Unit Officer on B-2 Unit at

24   U.S.P. Tucson.

25         **RESPONSE:  Defendant objects that "properly performed all of his duties"**

26   **is vague, ambiguous and overbroad.  Defendant admits that Officer B. Westling**

27   **did not violate BOP policies and did not cause any harm to Plaintiff.**

28         8.      On May 19, 2016, being trained, Housing Unit Officer B. Westling was

1   Housing Unit Officers were staffed on duty on B-2 Unit at USP Tucson?

2      **RESPONSE: One.**

3      9.      On May 19, 2016 between the hours of 9:01 am-10:05 am, was there a

4   failure to provide adequate monitoring and staffing of B-2 Unit at USP Tucson?

5      **RESPONSE: No.**

6      10.     Due to a lack of Housing Unit policy implementation on May 19, 2016, did

7   prison staff create or maintain an "unreasonable risk" of injury for all inmates, including

8   Plaintiff, housed on B-2 Unit at USP Tucson?

9      **RESPONSE:   Defendant objects that the interrogatory is compound,

10  argumentative and assumes facts that are not established.  Defendant does

11  not by answering this request admit any facts implied in the request

12  including,  without  limitation,  any  "lack  of  Housing  Unit  policy

13  implementation."  Regarding whether prison staff created or maintained an

14  unreasonable risk of injury for inmates, including Plaintiff, housed on B-2

15  Unit, Defendant answers no.**

16     11.     Is Plaintiff a Transgender?

17     **RESPONSE:  Defendant is without knowledge and information concerning

18  the subject matter of the interrogatory.  To Defendant's knowledge, Plaintiff

19  self-identifies as transgender.**

20     12.     On May 19, 2016 between 9:01 am-10:05 am, did staff at U.S.P. Tucson

21  have the discretion to have only one Housing Unit Officer staffed on duty on B-2 Unit?

22     **RESPONSE: Yes.**

23     13.     When and why was the assailant (Terell Powell) transferred to different

24  prison after the incident

25     **RESPONSE:   Defendant  objects  that  "assailant"  is  compound,

26  argumentative and assumes facts that are not established.  Defendant does

27  not admit that there was an assault or that inmate Powell is an assailant.

28  Defendant objects that the requested information is subject to the Privacy**

1    **Act of 1974, 5 U.S.C. § 552a, which prohibits disclosure.**

2    14.    Did assailant Terell Powell receive any incident report for being in an

3    unauthorized area (out-of-bounds) at any time prior to him venturing to B-2 Unit on May

4    19, 2016?

5    **RESPONSE:    Defendant objects that the interrogatory is compound,**

6    **argumentative and assumes facts that are not established.  Defendant does**

7    **not admit any facts that are not expressly admitted herein.   Defendant**

8    **objects that the requested information is subject to the Privacy Act of 1974,**

9    **5 U.S.C. § 552a, which prohibits disclosure.**

10    15.    At any time after the May 19, 2016 incident on B-2 Unit at U.S.P. Tucson,

11    did the victim (Plaintiff) report any injuries suffered to any staff member at U.S.P. Tucson,

12    F.T.C. Oklahoma City, U.S.P. Beaumont, or U.S.P. Coleman 2?

13    **RESPONSE:  Defendant objects that "incident" is vague and ambiguous.**

14    **Defendant objects that "incident" and "victim" argumentative and assume**

15    **facts that are not established.   Defendant objects that the interrogatory is**

16    **vague and ambiguous as to whether it concerns injuries to Plaintiff or**

17    **injuries to staff at USP Tucson, FTC Oklahoma City, USP Beaumont or USP**

18    **Coleman 2.  Defendant objects that the interrogatory is vague as to whether**

19    **"any injuries" refers to injuries related to "the May 19, 2016 incident," which**

20    **Defendant assumes is a reference to Plaintiff's alleged assault, or injuries**

21    **related to another matter.  Defendant objects that the interrogatory is vague**

22    **as to what constitutes a "report."  Following the alleged assault, Plaintiff**

23    **acknowledged having suffered no injuries.**

24    16.    In    a    Maximum    Security    United    States    Penitentiary,    are

25    transgender/feminine inmates at a particularly higher risk for assaults than the general

26    prison population?

27    **RESPONSE:  Defendant objects that the interrogatory is vague as to the**

28    **meaning of "feminine", "particularly higher risk," and the nature of**

- 4 -

1

Served by first class U.S. mail this 31st day of August, 2018:

2

Edward J. Gladney
No. 80179-279
USP Coleman II
P.O. Box 1034
Coleman, FL  33521

3

4

5

6

*/s/ Michael A. Ambri*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXBT. #5

1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  District of Arizona
   MICHAEL A. AMBRI
3  Assistant U.S. Attorney
   State Bar No. 021653
4  United States Courthouse
   405 W. Congress Street, Suite 4800
5  Tucson, Arizona 85701
   Telephone:  520-620-7300
6  Email: michael.ambri@usdoj.gov
   Attorneys for Defendant United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9                  FOR THE DISTRICT OF ARIZONA

10  Edward J. Gladney,                    4:17-CV-0427-DCB

11              Plaintiffs,          DEFENDANT'S RESPONSES
                                     TO PLAINTIFF'S THIRD SET OF
12       vs.                         REQUESTS FOR ADMISSIONS

13  United States of America,

14              Defendant.

15

16       Defendant hereby responds to Plaintiff's third set of requests for admissions.

17       **PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSIONS**

18       1.    In the year 2016, Plaintiff signed and dated a form ("Separatee Form")
19  verifying she was threatened by or was otherwise fearful of Terell Powell after the alleged
20  assault.

21       **RESPONSE:  Defendant admits only that Plaintiff signed a "Notification of
22  Central Inmate Monitoring (CIM) Classification or Declassification" form on
23  or about June 28, 2016.  Defendant denies all further allegations.**

24       2.    Transgender inmates should be supervised more closely in a United States
25  Penitentiary.

26       **RESPONSE:  Deny.  Inmate risk assessment is individualized and includes
27  multiple factors.  The level of risk varies from inmate to inmate.**

28

3.    Inmate Terell Powell received an incident report for "Being In An Unauthorized Area" prior to the alleged May 19, 2016 sexual assault at USP Tucson.

**RESPONSE:  Defendant objects that the request seeks information that is not relevant to the claims or defenses.  Defendant further objects that disclosure of whether or not inmate Terrell Powell received an incident report is prohibited by the Privacy Act, 5 U.S.C. § 552a.  Defendant further objects that the request is overbroad and irrelevant to the extent it is not limited to time or location.**

4.    Transgender prisoners are an "Identifiable Group" of prisoners.

**RESPONSE:  Defendant objects that "identifiable group" is undefined, vague and ambiguous.**

5.    Even if prison officials don't know about the risk of harm to a particular prisoner, they may be liable for policies or conditions that are dangerous to all prisoners.

**RESPONSE:  Defendant objects that the request calls for a conclusion of law.  Defendant further objects that the request is not sufficiently specific as to the circumstances described.  Defendant further objects that the request calls for information that is not relevant to the claims or defenses.**

6.    The failure of Plaintiff to give prison officials "advance notice" of a possible threat on May 19, 2016 is not dispositive if there was other evidence that prison officials know of a risk of harm to Plaintiff.

**RESPONSE:  Defendant objects that the request calls for a conclusion of law.  Defendant further objects that the request is not sufficiently specific as to the circumstances described.**

7.    Inmate Terell Powell was transferred to a different institution shortly after the alleged May 19, 2016 sexual assault.

**RESPONSE:  Defendant objects that the request seeks information that is not relevant to the claims or defenses.  Defendant further objects that disclosure of when inmate Terrell Powell was transferred is prohibited by the**

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Privacy Act, 5 U.S.C. § 552a.  **Without waiving is objections, Defendant admits only that Terrell Powell was transferred sometime after May 19, 2019.**

8.    Inmate Terell Powell was present in B-2 Unit at USP Tucson on May 19, 2016 during the day shift hours.

**RESPONSE: Admit.**

9.    One reason all inmates were/are required to keep their I.D. cards on their person was/is so officers can readily determine whether or not he is in an authorized area.

**RESPONSE:  Defendant admits only that ID cards help officers identify and monitor inmates.  Defendant denies all further allegations.**

10.    Even if prison officials don't know about the risk of harm to a particular prisoner, they can be liable for policies or conditions that are dangerous to an identifiable group of prisoners.

**RESPONSE:  Defendant objects that the request calls for a conclusion of law. Defendant further objects that the request is not sufficiently specific as to the circumstances described.  Defendant further objects that "identifiable group" is undefined, vague and ambiguous.  Defendant further objects that the request calls for information that is not relevant to the claims or defenses.**

11.    Transgender inmates are an identifiable group of prisoners.

**RESPONSE: Defendant objects that "identifiable group" is undefined, vague and ambiguous.**

12.    Prison officials may be held liable if they place a prisoner in a situation of danger from others who are known to be aggressive and violent.

**RESPONSE:  Defendant objects that the request calls for counsel's legal analysis and opinion.    Defendant further objects that the request is not sufficiently specific as to the circumstances described.**

- 3 -

13.     Inmate Terell Powell was placed in the Special Housing Unit (SHU) the day after the alleged May 19, 2016 sexual assault.

**RESPONSE:  Defendant objects in that the request seeks information that is not relevant to the claims or defenses.  Defendant further objects that disclosure of whether or not inmate Terrell Powell was placed in the Special Housing Unit is prohibited by the Privacy Act, 5 U.S.C. § 552a.**

**(Yes, he was placed in the SHU on May 20, 2016.)**

14.     Inmate Terell Powell received an incident report for "Being In An Unauthorized Area" on May 20, 2016.

**RESPONSE:   Defendant objects that the requested information is not relevant to the claims or defenses.  Defendant further objects that disclosure of the requested information is prohibited by the Privacy Act, 5 U.S.C. § 552a.**

15.     Prison officials may be liable if they fail to protect prisoners who are obvious victims.

**RESPONSE:  Defendant objects that the request calls for legal analysis and opinions of counsel.  Defendant further objects that the request is not sufficiently specific as to the circumstances described.  Defendant further objects that "obvious victims" is undefined, vague and ambiguous.**

16.     Prison officials knew or reasonably should have known Plaintiff was Transgender on May 19, 2016.

**RESPONSE: Deny.**

17.     Plaintiff has a "CIM Case" due to the alleged assailant Terell Powell.

**RESPONSE:  Defendant objects that the request seeks information that is not relevant to the claims or defenses.  Defendant further objects that disclosure of whether or not Plaintiff has a CIMS assignment of Separation from Powell is prohibited by the Privacy Act, 5 U.S.C. § 552a, and is privileged, law enforcement information.**

18.     Prison officials know or reasonably should have known Plaintiff was a

Homosexual on May 19, 2016.

**RESPONSE: Defendant objects that the request seeks information that is not relevant to the claims or defenses.**

19.    Inmate Terell Powell is listed/named on Plaintiff's Separatee Data form.

**RESPONSE:  Defendant objects in that "Separatee Data form" is vague, ambiguous and undefined.  Defendant is unaware of such a form. Defendant further objects that the request seeks information that is not relevant to the claims or defenses.  Defendant further objects that disclosure of whether inmate Terell Powell is listed as Plaintiff's separatee is prohibited by the Privacy Act, 5 U.S.C. § 552a, and is privileged, law enforcement information.**

20.    On May 19, 2016, at USP Tucson, inmates were required to keep their I.D. Cards in their possession to help staff determine whether or not an inmate is in an unauthorized area of the institution.

**RESPONSE: Defendant admits that, on May 19, 2016, inmates were required to keep their I.D. cards in their possession.  Defendant admits that one reason was that the I.D. card may help staff determine whether or not an inmate is in an unauthorized area of the institution.**

21.    Based on the May 19, 2016 video footage, inmate Terell Powell did not identify himself (by I.D.) to Officer B. Westling when or before he entered B-2 Unit at USP Tucson.

**RESPONSE:  Deny "based on the May 19, 2016 video footage."  Defendant has found no video footage showing inmate Powell entering B-2 Unit on May 19, 2016.  Defendant is unable to admit or deny whether inmate Powell identified himself by ID card to Officer Westling.  It was not required nor practical for officers to identify all inmates by ID card prior to the inmates entering a housing unit.  Officer Westling typically patted down inmates on a random basis or if the inmate raised attention by, for example, bulging pockets, jacket or apron.  In connection with such a pat-search, Officer**

- 5 -

1      **Westling typically identified the inmate by ID card.   It is unknown to**
2      **Defendant whether this occurred with respect to inmate Powell.**

3      22. Based on the May 19, 2016 video footage, Officer B. Westling did not
4    prevent inmate Terell Powell from entering B-2 Unit at USP Tucson.

5      **RESPONSE:  Deny "based on the May 19, 2016 video footage."  Defendant**
6      **has found no video footage showing inmate Powell entering B-2 Unit on May**
7      **19, 2016.  Admit that inmate Powell entered B-2 Unit on May 19, 2016.**

8      23. All inmates were required to display their ID cards to the Housing Unit
9    Officer(s) prior to entering any Housing Unit at USP Tucson on May 19, 2016.

10     **RESPONSE:  Deny.**

11     24. If an inmate feels threatened by another inmate, the inmates may be
12   physically separated by submitting a Separatee Data Form.

13     **RESPONSE:   Defendant objects that "Separatee Data Form" is vague,**
14     **ambiguous and undefined.   Defendant is unaware of a form called a**
15     **"Separatee Data Form."   Defendant admits only that an inmate may notify**
16     **staff verbally or in writing that the inmate feels threatened by another inmate.**

17     25. There is a Separation Order between Plaintiff and the alleged assailant
18   Terell Powell.

19     **RESPONSE:   Defendant objects that "Separation Order" is vague,**
20     **ambiguous and undefined.   Defendant is unaware of what is meant by**
21     **"Separation Order."   Defendant further objects that the request seeks**
22     **information that is not relevant to the claims or defenses.  Defendant further**
23     **objects that disclosure of whether or not Plaintiff has a CIMS assignment of**
24     **Separation from Powell is prohibited by the Privacy Act, 5 U.S.C. § 552a, and**
25     **is privileged, law enforcement information.**

26     26. Inmate Terell Powell was subsequently transferred to a different prison after
27   the Plaintiff signed and submitted a Separatee Data form.

28     **RESPONSE:   Defendant admits that Terell Powell was transferred to a**

- 6 -

1    different prison.  Defendant objects that "Separatee Data form" is vague,

2    ambiguous and undefined.  Defendant is unaware of a "Separatee Data

3    form."  Defendant further objects that disclosure of the reason for Terell

4    Powell's transfer is prohibited by the  Privacy Act, 5 U.S.C. § 552a, and is

5    privileged, law enforcement information.

6        27.    Inmate Terell Powell is listed in Plaintiff's Central Inmate Monitoring file in

7    SENTRY.

8    RESPONSE:  Defendant objects that the request seeks information that is

9    not relevant to the claims or defenses.   Defendant further objects that

10   disclosure of whether or not Plaintiff has a CIMS assignment of Separation

11   from Powell is prohibited by the  Privacy Act, 5 U.S.C. § 552a, and is

12   privileged, law enforcement information.

13       28.    An inmate could be placed in the Special Housing Unit for "Being In An

14   Unauthorized Area."

15   RESPONSE:  Defendant objects that the request seeks information that is

16   not relevant to the claims or defenses.   Without waiving the objection,

17   Defendant admits that an inmate may be placed in the Special Housing Unit

18   during an investigation into misconduct, including Being in an Unauthorized

19   Area.  An inmate may also be placed in the Special Housing Unit after the

20   inmate has been found to have committed the prohibited act of Being in an

21   Unauthorized Area.

22   DATED this 6th day of November, 2018.

23                                    ELIZABETH A. STRANGE

24                                    First Assistant United States Attorney
                               District of Arizona

25                                  /s/ Michael A. Ambri

26                                  MICHAEL A. AMBRI
                               Assistant U.S. Attorney

27                                  Attorneys for Defendant

28

1    Served by first class U.S. mail this 6th day of November, 2018, to:

2    Edward J. Gladney
No. 80179-279
3    USP Coleman II
P.O. Box 1034
4    Coleman, FL  33521

5    *Pamela Vavra*
/s/ *Pamela Vavra*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



### § 541.21 Special Housing Units (SHUs).

Special Housing Units (SHUs) are housing units in Bureau institutions where inmates are securely separated from the general inmate population, and may be housed either alone or with other inmates. Special housing units help ensure the safety, security, and orderly operation of correctional facilities, and protect the public, by providing alternative housing assignments for inmates removed from the general population.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



§ 4042.        Duties of Bureau of Prisons

(a) **In general.**   The Bureau of Prisons, under the direction of the Attorney General, shall--
(1) have charge of the management and regulation of all Federal penal and correctional institutions;
(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;

USCS                                          1

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

80179279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

---------------------------------------------------------------------------------------

FROM: 80179279
TO: Warden PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 02/07/2019 01:25:27 PM

*EXBT #8*

To: Warden Pen 2
Inmate Work Assignment: NONE

Good Afternoon. I have been attempting to get in contact with Psychology Services here for nealry 6 months with no success. I have not been having my Mental Health issues addressed during said timeframe. I have ceased attempting to get consultations/appointments with the Psychology Services Department here and (per my counsel's advise) will raise the issue ir my pending Lawsuit which originated at USP Tucson.
Nevertheless, I do need my Mental Health Records form the dates of May 1, 2016 through the Present. I have sent Electronic Requests to Staff messages to the following Coleman 2 staff:

1. Psychology Services
2. Correctional Services
3. Associate Warden

I am going through this "chain-of-command" in an attempt to avoid submitting a BP-10 "Sensitive" concerning the Time-Sensitive matter. Please assist me at your earliest convenience please. Thank you so much.

With All Respect,

Edward J. Gladney, #80179-279, G-2 Unit
Federal Correctional Complex, USP-2
P.O. Box 1034
Coleman, FL 33521

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------

FROM: 80179279
TO: Associate Warden PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 02/03/2019 02:06:36 PM

To: ASSOCIATE WARDEN of PEN 2
Inmate Work Assignment: Compound- PM

I have attempted to get in contact/communicate with Psychology Services here at USP 2 for nearly 6 months with no success. I have been essentially ignored by the Psychology Services department here in regards to my request for treatment/consultation appointments, leaving me feeling "abandoned". I have sent numerous Electronic Requests To Staff messages to said department.
Therefore, I have ceased my attempts to reach out to Psychology Services here for help with my psychological issues concerning an incident that occurred at USP Tucson on May 19, 2016, and (with advice from Counsel) will resort to raising the issue in my current pending case which originated from USP Tucson.
However, I do need my entire Mental Health records from Psychology and I have requested such records via Electronic Request To Staff on 1/20/2019 to Psychology. After I did not receive any reply, which was anticipated, I contacted Correctional Services PEN2 on 1/25/2019 also via Electronic Request To Staff. I likewise did not receive any reply (to date). I am reaching out to you in an attempt to resolve the lack of communication I am having from the Psychology Department here, but specifically in regards to my attempts to obtain my complete Mental Health Records from 5/1/2016-present. This request is a part of the Discovery phase in my present case. Please assist me with this time-sensitive matter at your earliest convenience please.

With All Respect,

Edward J. Gladney, #80179-279, G2-Unit
Federal Correctional Complex, USP-2
P.O. Box 1034
Coleman, FL 33521
(352)689-7000

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

---------------------------------------------------------------------------------------------------

FROM: 80179279
TO: Correctional Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 01/25/2019 12:52:11 PM

To: Correctional Services
Inmate Work Assignment: NONE

I have contacted Psychology Services via TRULINCS Electronic Request To Staff (1/20/19). I have yet to receive any type of
reply, which has been the case for the past 6 months in regards to my attempts to contact the Psychology Department here at
USP Coleman II. I have ceased attempting to get consultation appointments with my Mental Health issues because I have been
essentially ignored for the past 6 months by Psychology Services here and will have the issue raised in Court Proceedings, per
my Attorneys' advice.
Currently I am seeking my entire Mental Health Records from the dates of 5/1/2016 through "Present". These mental health
records are to include any TRULINCS Electronic/Paper Cop-Out Request To Staff sent to USP Coleman II Psychology staff
member and dates of any responses. I have contacted Psychology Services (1/20/19) and requested said information, yet I
have not received any type of acknowledgment, yet alone the requested information. Please assist me at your earliest
convenience with this "time-sensitive" matter. I am going up the Chain-of-Command, per policy.

Sincerely,

Edward J. Gladney, #80179-279, G-2 Unit
Federal Correctional Complex, USP-2
P.O. Box 1034
Coleman, FL 33521

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

-----------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 01/22/2018 12:48:16 PM

To: Psych
Inmate Work Assignment: none

I need to visit you again regarding my last visit among other things...

Thanks,
Edward Gladney
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 01/20/2019 08:23:37 AM

To: PSYCHOLOGY RECORDS
Inmate Work Assignment: NONE

Good Morning:

Please at your earliest convenience send me my Mental Health Records, in its' entirety, between the dates of 05/01/2016 -
01/01/2019. Please, include all emails I have sent to any B.O.P. Psychology Services. Please expedite.

Thank You,

Edward JoRodge Gladney, #80179-279, G2-Unit
Federal Correctional Complex, USP-2
P.O. Box 1034
Coleman, Florida 33521

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------------------

FROM: 80179279
TO: Correctional Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 12/19/2018 06:17:39 PM

To: Correctional Services
Inmate Work Assignment: NONE

I have been attempting to get an appointment to speak with the Psychology Services Department here at PEN2 for the past 3-4
months with no success. I have sent Electronic "Requests To Staff" emails on several occassions to Dr. B. Kennedy. I have
asked the Psychology Services Department here at PEN2 if there is a new process for speaking with Psychology Services
here. It has been over a week and I have not received any type of acknowledgment or response. I received a response about 2
months ago but only after I had emailed the AW office for assistance with the same said issue.
Is there a new process other than sending Electronic "Requests To Staff" emails to get an appointment with Psychology
Services here at PEN2? Do we have to go through the AW everytime?

Thank You,
Edward J. Gladney
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 12/09/2018 09:00:09 AM

To: Dr. B. Kennedy
Inmate Work Assignment: None

Good Morning,

I have been attempting to get a consultation with you for about 3 months now but with no success. Is there a new procedure to see Psychology? If it is, please let me know so that I can speak with you regarding issues in relation to the May 19, 2016 incident at USP Tucson.

Sincerely,
Edward J. Gladney
#80179-279

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

INMATE REQUEST TO STAFF CDFRM

FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| TO:(Name and Title of Staff Member) Psychology Services - Dr. Ramos | DATE: October 10, 2018 |
| FROM: Edward J. Gladney | REGISTER NO.: 80179-279 |
| WORK ASSIGNMENT: - NONE - | UNIT: G-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.

Dr. Ramos,

Please schedule me for an appointment at your earliest
Convienence. I have sent Psychology Services several
emails but have yet to receive any reply.

Thanks,
Edward J. Gladney
#80179-279

(Do not write below this line)

DISPOSITION:


Signature Staff Member                    Date

Record Copy - File; Copy - Inmate
PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 6**

---------------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 10/09/2018 12:07:04 PM

To: "Dr. Ramos/Dr. B. Kennedy
Inmate Work Assignment: NONE

I have attempted to contact you and get an appointment with you several times with no success. I have recently been having disturbing flashbacks of incidents that occurred at both USP Tucson in May of 2016, and at USP Beaumont in August of 2017. I have awakened in the middle of nights feeling disoriented, dizzy, and short of breath with a rapid heartbeat after having vivid nightmares. I have nearly fallen out of my bunk twice within the past 3 weeks or so. I have taken your advice (Dr. Kennedy) and practiced the Deep Breathing Techniques. This helped initially, but gradually ceased to help at all. Can you please help me in any way possible? I also need to return and exchange my "Anxiety" workbook. Please schedule me for an appointment as soon as possible please.

Thank You,
Edward J. Gladney
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------

FROM: 80179279
TO: Correctional Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 10/12/2018 02:44:10 PM

To: Correctional Services
Inmate Work Assignment: NONE

Good Afternoon:

I have attempted (on numerous ocassions) to get in contact with Psychology Services (for nearly a month) for an appointment with no success. Please assist me in attempting to speak with Psychology Services, concerning mental health issues, at your earliest convienence please.

Thank You,
Edward J. Gladney
#80179-279

TRULINCS 80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

---------------------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 09/26/2018 12:43:51 PM

To: DR. KENNEDY
Inmate Work Assignment: NONE

Can I please speak with you concerning my medication for anxiety/depression?

Thank You,
Edward Gladney
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

---------------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 09/18/2018 08:45:39 AM

To: Dr. Ramos/ Dr. Kennedy
Inmate Work Assignment: None

Could I please speak with you about changing my Prozac medication. Also, I also need all my medications self-carry if possi
please.

Thank You,
Edward Gladney

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

---------------------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 04/27/2018 11:34:50 AM

To: Psychology
Inmate Work Assignment: NONE

COULD YOU PLEASE COMMUNICATE WITH HEALTH SERVICES SO THAT I MAY HAVE ALL MY MEDICATIONS "SELF-CARRY" STATUS? I HAVE ANXIETY AND GOING TO PILL-LINE EVERYDAY IS DIFFICULT FOR ME DUE TO UNWANTED SOCIAL OCCURANCES.

THANKS,
EDWARD J. GLADNEY
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

---------------------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 12/15/2017 06:41:06 PM

To: PSYCHOLOGY
Inmate Work Assignment: NONE

I am interested in participating in any Psychology programs you offer at the moment.

Thank You,
Edward J. Gladney
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

-------------------------------------------------------------------------------------------------------

FROM: 80179279 GLADNEY, EDWARD JORODGE
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 12/12/2017 02:35 PM

To: OSYCHOLOGY
Inmate Work Assignment: NONE

I AM HAVING SUICIDAL THOUGHTS. PLEASE HELP ME AS SOON AS POSSIBLE PLEASE.

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------

FROM: 80179279
TO: Psychology Services PEN 2
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, CLP-G-B
DATE: 12/09/2017 08:27:24 AM

To: PSYCHOLOGY
Inmate Work Assignment: NONE

I AM CONTINUING TO HAVE NIGHT SWEATS, PANIC ATTACKS, HEART PAPITATIONS, EMOTIONAL DISTRESS,
MENTAL ANGUISH, AND OVERALL ANXIETY WHICH ORIGINATED FROM AN INCIDENT AT USP TUCSON IN MAY OF
2016. PLEASE HELP IN ANY WAY POSSIBLE.

THANK YOU,
EDWARD J. GLADNEY
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------

FROM: Psychology
TO: 80179279 GLADNEY, EDWARD JORODGE
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/18/2017 08:17 AM

A workbook will be delivered to the housing unit.

>>> ~^!"GLADNEY, ~^!EDWARD JORODGE" <80179279@inmatemessage.com> 9/16/2017 6:29 PM >>>
To: Psychology
Inmate Work Assignment: NONE

Could you give me any workbooks or pamphlets you may have on Coping With Stress and/or PTSD?

Thanks,
Edward Gladney
#80179-279

USA 000109

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: OKL-C-C

--------------------------------------------------------------------------------

FROM: Psychology
TO: 80179279
SUBJECT: RE:***Inmate to Staff Message***
DATE: 07/20/2017 07:42:04 AM

You will be scheduled to speak with a psychologist.

Psychology Services
FTC Oklahoma City

>>> ~^!"GLADNEY, ~^!EDWARD JORODGE" <80179279@inmatemessage.com> 7/19/2017 10:06 AM >>>
To: Psychology
Inmate Work Assignment: NONE

I have been having nightmares, night sweats, rapid heart beat, panic attacks, and daytime headaches from a past incident at
USP Tucson...
And as a separate issue, I have been diagnosed with Gender Dysphoria, and have yet to receive my issue of Appropriate
Undergarments.

Regards,
E. Gladney

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

----------------------------------------------------------------------------------------------------

FROM: 80179279 GLADNEY, EDWARD JORODGE
TO: USP/SPC Psychology
SUBJECT: ***Request to Staff*** GLADNEY, EDWARD, Reg# 80179279, TCP-B-B
DATE: 04/13/2017 05:10 PM

To: DR. VU
Inmate Work Assignment: NONE

I would like to speak with you about the continuation/discontinuation of my Hormone Therapy and symptoms of PTSD I am currently experiencing.

Regards,
Edward J. Gladney
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: TCP-B-B

-------------------------------------------------------------------------------------------

FROM: USP/SPC Psychology
TO: 80179279
SUBJECT: RE:***Inmate to Staff Message***
DATE: 11/14/2016 09:52:03 AM

Hi Gladney,
I see Dr. Vu had you scheduled for November 8.  We also have you in the support group. We hope to continue to provide these services.

>>> ~^!"GLADNEY, ~^!EDWARD JORODGE" <80179279@inmatemessage.com> 11/12/2016 8:13 AM >>>
To: DR. HAYDEN
Inmate Work Assignment: NONE

I'd rather not move to another environment where I am uncomfortable. Since that would be the only option left, I will cease attempting to seek help/treatment from B.O.P. Psychology and instead, seek help/treatment from "outside" professional services at my own financial expense if need be. Thank You.

Edward Gladney
#80179-279
----USP/SPC Psychology on 11/4/2016 10:02 AM wrote:

Gladney,
We will schedule you to be seen again as soon as we can.  It is possible that we will need to increase your care level and create a treatment plan for you.  Be advised that would result in a move to A-2, as this is where we house all inmates (Care 2 MH) that require intensive treatment.

I have also been made aware of your inclusion of your mental health concerns in your recent Tort Claim.  Just so we have the same information, I am looking at your psych record and we have been seeing you in psychology on a monthly basis since May 5-20-16, 7-21-16, 8-16-16 and 9-15-16).  We also have you enrolled in a support group that has met 3 times since July (7-28-16, 10-6-16 and 10-27-16).  We provide you these services to assist you with your needs. - Dr. Hayden

>>> ~^!"GLADNEY, ~^!EDWARD JORODGE" <80179279@inmatemessage.com> 11/4/2016 7:36 AM >>>
To: DR. HAYDEN
Inmate Work Assignment: NONE

I AM CONTINUING TO HAVE NIGHTSWEATS, ANXIETY/PANIC ATTACKS, RAPID HEART BEATS, PALPITATIONS, TREMORS, AND NIGHTMARES RELATED TO THE INCIDENT BACK IN MAY. IS THERE ANY OTHER HELP FROM BOP/TUCSON PSYCHOLOGY OTHER THAN COGNITIVE THERAPY? I AM REALLY FEELING MORE AND MORE DEPRESSED WITH MY LIFE.

EDWARD GLADNEY
80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: TCP-B-B

--------------------------------------------------------------------------------

FROM: USP/SPC Psychology
TO: 80179279
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/13/2016 11:57:02 AM

You are being scheduled for an appointment, please watch the call out.

>>> ~^!"GLADNEY, ~^!EDWARD JORODGE" <80179279@inmatemessage.com> 9/12/2016 9:42 AM >>>
To: PSYCHOLGY
Inmate Work Assignment: NONE

I am continuing to have ongoing nightmares, anxiety/panic attacks, rapid heartbeats, shortness of breath and nightsweats. At night I wake up in a panic from seeing a person face.

Edward Gladney
#80179-279

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: TCP-B-B

--------------------------------------------------------------------------------------------------

FROM: USP/SPC Psychology
TO: 80179279
SUBJECT: RE:***Inmate to Staff Message***
DATE: 08/11/2016 08:52:02 AM

We will get you in next week to see you. - Dr. Hayden

>>> ~^!"GLADNEY, ~^!EDWARD JORODGE" <80179279@inmatemessage.com> 8/9/2016 7:02 AM >>>
To: DR. HAYDEN
Inmate Work Assignment: N/A

I have been having recurrent nighmares, flashbacks, and panic attacks regarding the PREA incident that occured back in May.
How can I go about getting treatment for this other than the current medications I am taking?

Thank You,
Edward J. Gladney

TRULINCS  80179279 - GLADNEY, EDWARD JORODGE - Unit: CLP-G-B

--------------------------------------------------------------------------------

FROM: USP/SPC Health Services
TO: 80179279 GLADNEY, EDWARD JORODGE
SUBJECT: RE:***Inmate to Staff Message***
DATE: 07/19/2016 12:02 PM

sent to the trip coordinator

>>> ~^!"GLADNEY, ~^!EDWARD JORODGE" <80179279@inmatemessage.com> 7/17/2016 10:18 AM >>>
To: DR. ASH
Inmate Work Assignment: NONE

I WENT TO OUTSIDE MEDICAL ABOUT 3 WEEKS AGO (CARDIOLOGIST). THE DOCTOR STATED THAT HE WOULD
ORDER A STRESS TEST FOR ME, BUT IT HAS TO BE APPROVED BY "FOUR CORNERS" TO FUND IT. WHAT IS THE
STATUS OF THIS REQUEST?

THANK YOU,
EDWARD J. GLADNEY