**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward J Gladney, | No. CV-17-00427-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| JT Shartle, et al., | |
| Defendants. | |

Plaintiff filed his Second Amended Complaint, and the Defendant, the United States, answered. On July 20, 2018, the Court issued a case management scheduling Order, which allowed six months for discovery with dispositive motions due 30 days after the close of discovery. (Order (Doc. 62)).

Shortly before discovery was set to end and with a Plaintiff's Motion to Compel pending, the Defendant sought to stay the action because of the government shut-down. On January 7, 2019, the Court granted the stay and extended discovery for 30 days when the stay would be lifted, and all other case management deadlines adjusted, accordingly. (Order (Doc. 62)).

The stay was lifted on March 20, 2019. The Court ruled on the Plaintiff's Motion to Compel, granting it in relevant part as to his Requests for Production 6, 7, and 8. The Court ordered the Defendant to provide a Confidentiality Agreement to the Plaintiff for him to sign, and to subsequently produce the requested documents. The relevant deadline for Defendant's production responsibilities was April 20, 2019. (Order (Doc. 73)).

On April 19, 2019, the Court granted Plaintiff's Second Motion to Compel as to three Requests for Admissions and extended discovery solely for the purpose of these answers. In the meantime, the Plaintiff had filed a dispositive motion on March 25, 2019, and Defendant had filed a Motion to consolidate its Response with a Crossmotion for Summary Judgment. The Court granted the consolidation and set the due date for the Defendant's Response/Crossmotion to April 26, 2019. (Order (Doc. 89)).

Subsequently, the Plaintiff has filed a Motion for Contempt and Sanctions and Defendant has filed a Motion for Extension of Time for the Response/Crossmotion and a Motion for Confidentiality Order.

Apparently, the Defendants failed to comply with this Court's directive to produce the discovery which was the subject of the Plaintiff's Fist Motion to Compel and the Court's March 20, 2019, Order: Requests for Production 6, 7, and 8. The Defendants object to Plaintiff's request for sanctions because "Defendant has complied with the subject Orders, there is no bad faith, there is no harm to Plaintiff, and . . . there are substantial legal and factual defenses that Plaintiff's motion attempts to avoid." (Response (Doc. 95) at 2-3.) As the record noted above reflects, the Defendant did not comply with the directives for production contained in the Court's March 20, 2019, Order.

As a sanction the Plaintiff asks the Court to deem certain facts admitted, which would be dispositive of the case. Such an extreme sanction is not warranted because lesser measures can address the discovery issue and ensure that there is no prejudice to the Plaintiff. The Defendant asks that the deadline for its Response/Crossmotion to Plaintiff's Motion for Summary Judgment be extended again to May 20, 2019. The Court shall grant this extension of time but THERE SHALL BE NO FURTHER EXTENSIONS OF TIME granted in favor of Defendant for filing its dispositive motion.

To expedite the late disclosure of the Requested Productions 6, 7 and 8, the Court shall enter the Confidentiality Order even though it directed the Defendant to produce it as a Confidentiality Agreement to the Plaintiff. The Court has reviewed the Confidentiality Order and finds it contains standard provisions for release of this type of discovery.

The Court shall extend the time for Plaintiff to file his Reply in support of his Motion for Summary Judgment and Response to the Defendant's Crossmotion for Summary Judgment. The extension of time for Plaintiff's Reply/Response shall accommodate his need to review the discovery that is the subject of the Requests for Production 6, 7 and 8, including time needed by the Plaintiff to obtain the "Review Only" materials. (Confidentiality Order ¶ 4.) Any new issues the Plaintiff seeks to raise after Defendant responds to the Requests for Production 6, 7 and 8 may be presented in the Plaintiff's Response to the Defendant's Crossmotion for Summary Judgment. The Plaintiff may or may not, at his discretion, combine the Reply in support of his Motion for Summary Judgment with the Response to the Defendant's Crossmotion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion for Sanctions (Doc. 91) is DENIED.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Extension of Time (Doc. 92) is GRANTED. THERE SHALL BE NO FURTHER EXTENSIONS OF TIME FOR THE DEFENDANT to file the Response/Crossmotion for Summary Judgment.

**IT IS FURTHER ORDERED** that the Motion for Confidentiality Order (Doc. 93) is GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff is granted an extension of time to file the Reply supporting his Motion for Summary Judgment and the Response to the Defendant's Crossmotion for Summary Judgment to allow him 30 days after the disclosure of discovery is completed responsive to Plaintiff's Requests for Production 6, 7 and 8.

**IT IS FURTHER ORDERED** that Defendant shall produce the requested discovery within 7 days of the filing date of the Confidentiality Order.

**IT IS FURTHER ORDERED** that the Defendant shall file a Notice with the Court of the date the Plaintiff concludes the "Review Only" procedures for this discovery.

**IT IS FURTHER ORDERED** that the Plaintiff's Reply in support of his Motion for Summary Judgment and Response to Defendant's Crossmotion for Summary Judgment shall be due 30 days from the filing date of the Notice. The Reply/Response documents

may be filed separately or combined, if combined Plaintiff may exceed the page limit as needed but not more than 28 pages exclusive of attachments and statement of facts.

Dated this 13th day of May, 2019.

_____
Honorable David C. Bury
United States District Judge