IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY

JUL - 5 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

| | |
|---|---|
| EDWARD J. GLADNEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. : 17-cv-427-DCB |
| THE UNITED STATES | ) |
| OF AMERICA, | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, MOTION TO STAY UNDER FEDERAL RULES OF CIVIL PROCEDURE, 56(d)

Plaintiff Edward J. Gladney, submits this response to the Defendant's Cross-motion in opposition to Plaintiff's Motion For Summary Judgment. Plaintiff also requests to stay these proceedings due to questionable, or otherwise a failure on behalf of the Defendant to adhere to this Court's Discovery Order concerning production. (See Doc. #73, and Exbt. #13).

### I. PLAINTIFF SHOULD BE GRANTED SUMMARY JUDGMENT

The Plaintiff should be entitled to Summary Judgment, as a matter of law, on her negligence claims of "failure to monitor", and "failure to adequately staff the housing unit". (See SAC).

The Defendant has misconstrued Plaintiff's pointed Memorandum of Law in support of summary judgment. In support of summary judgment for the Plaintiff,

the Plaintiff included the following Statements of Undisputed Facts: (1) There was only one housing unit officer on duty instead of two as required (PSOUF #3). (2) There is no video footage whatsoever concerning the incident when it is mandated that sexual abuse data shall be preserved for at least 10 years (POSUF #10, #12, #13, and #26). (3) Defendant had reason to <u>know and/or should have known of an elevated risk of harm to the Plaintiff</u> because Defendant knew that the Plaintiff was transgender and USP Tucson specialized in the management of those high-security-level <u>sex offenders, including Plaintiff</u> (POSUF #18, #24, and #25). (4) The Defendant breached his duty of care by violating a Federal statute and at least two internal Program Statements (PSOUF #14, #15, #16, and #17). The Defendant abused the "preponderance of the evidence" standard in determining whether Plaintiff's sexual assault "allegation" was substantiated (PSOUF #8, #9, #22, #23). (5) The Plaintiff was injured as detailed in Plaintiff's Sworn Declaration and Oral Deposition Testimony (PSOUF #19 - #21, Decl. of Gladney #24 -#32).

Not only has Plaintiff established all of the elements of negligence under Arizona law, but the Plaintiff has proven **other** forms of negligence: **Gross Negligence** and **Negligence Per Se**. Under Arizona law, a person acts with gross negligence if "he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of harm to others, but also **involves a high probability that harm will result**". Walls v. Ariz. Dept. of Public Safety, 826 P.2d 1217, 1221, 170 Ariz. 591, 595 (Ct. App. 1991).

Negligence per se allows a court to find civil liability in a statute that does not already provide for it. See Prosser & Keeton on The Law of Torts 36, at 220-21 (5th ed. 1984). In Arizona, even a violation of a **Federal statute** will support a negligence per se claim. Martin v. Schroeder, 209 Ariz. 531, 537, 105 P.3d 577, 583 (App. 2005). Under a negligence per se theory, a statute enacted for the protection and safety of the public may establish both the existence of a legal duty and the standard of care, such that a violation of the statute satisfies both elements as a matter of law. See Good v. City of Glendale, 150 Ariz. 218, 722 P.2d 386, 389 (Ariz. Ct. App. 1986). In the event that the Court may find that the Plaintiff has not established duty, breach, or gross negligence, the Plaintiff contends that Negligence per se should appropriately compensate those elements.

As to the element of causation, a defendant's action or inaction "is the actual cause of the injury only if the injury would not have occurred 'but for' that conduct". White v. Roper, 901 F.2d 1501, 1505 (9th Cir. 1990). "The requisite causal connection can be established not only by some kind of direct personal participation...but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury". Jonson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). Circumstantial evidence, expert testimony, or common knowledge may provide a basis from which the causal sequence may be inferred. Rovegno v. San Jose Knights of Columbus Hall Association, 1930, 108 Cal. App. 591, 291 P. 848. ("Prisons are dangerous places, and require rigorous security measures to insure inmate and staff safety. Restricting inmate movement, and knowing where inmates

3

are at any point in time are integral components of providing for inmate and staff security."). Rose v. Carey, 2008 U.S. Dist. LEXIS 74544, 2008 WL 4443229, #5 (S.D. Ind. 2008).

Moreover, "...the risk of harm from inmates being in a housing unit to which they are not assigned is self-evident...it constitutes a security issue for both inmates and staff". (Officer was not immune for conduct that "runs contrary to common sense..."). Sepulveda v. Ramirez, 967 F.2d 1413, 1416 (9th Cir. 1992).

The injury that occurred to Plaintiff in her assigned housing unit by the out-of-bounds assailant, was precisely the sort of incident that proper care on the part of the Defendant was intended to prevent. Louisville Trust Co. v. Morgan, 1918, 180 Ky. 609, 203 S.W. 555; Kohn v. Clark, 1912, 236 Pa. 18, 84 A. 692. The Plaintiff has proven causation.

The Plaintiff has discovered that the original statements given to BOP Officials made by the Plaintiff is different than what the agency has documented. The Plaintiff asserts the Defendant omitted pertinent details of the Plaintiff's original statements, and fabricated Plaintiff's records to a degree which is consistent with conducting a sham investigation and litigation fraud. (See Decl. of Gladney #24 - #32), and Exbt. #20). The Plaintiff cannot ascertain when or who modified, or otherwise fabricated her statements, but the Plaintiff asserts the statements within her BOP records are false compared to Plaintiff's original statements regarding the sexual assault. (In a typical "sham investigation", investigators "fabricate, ignore, or misrepresent evidence, or the investigation is circumscribed so that it leads to the desired outcome."). Harden v. Marion County

4

Sheriff's Dept., 799 F.3d 864. Further, the Plaintiff has pointed other (clearly) falsified documents. (See Decl. In Opp. #3, and #4). The Plaintiff has also pointed to a subsequent sham investigation/disciplinary investigation which was used as a convenient ruse in an attempt to silence the Plaintiff by ultimately transferring her to an institution not congruent with her safety and security needs, and where the officers there **unlawfully** placed the Plaintiff on "Alternative Clothing and Linen Status", seizing all of her personal belongings for 1 week. (See PSOUF #43 -#59, and Gladney v. U.S., et. Al; Case #1:18cv293). Taking this factual evidence into account, the Plaintiff contends the doctrine of Res ipsa loquitur should apply.

Moreover, Plaintiff's past and ongoing symptoms have been consistent with **severe** rape trauma: Nightmares, flashbacks, anxiousness, insomnia, and depression. (See Exbt. #26, pp. 9-12) and (PSOUF #20, Decl. of Gladney, #38, #39, #59, and #60).

The Plaintiff objects to any reference to her criminal and prison disciplinary on the grounds that neither is relevant, and any possible probative value is far outweighed by its prejudicial effects. (PSOUF #43 - #59, and PSODF #9, and #10). Plaintiff further objects to the use of her psychological assessment (conducted, or otherwise **created** over six years ago) for the reasons declared in Plaintiff's Declaration In Opposition, and Statement of Disputed Facts. (See Decl. In Opp. #3 and PSODF #10).

## II. CONCLUSION

At the summary judgment stage, the "requisite degree of proof necessary to establish a prima facie case…is minimal and does not even need to rise to the level

of a preponderance of the evidence". Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002). The Plaintiff has presented sufficient evidence that would allow the Court to find summary judgment in the Plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 254, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Based on the Defendant's knowledge of particular risks to a particularly vulnerable class of inmates to which Plaintiff undoubtedly belonged, and based on the institution's expertise, prior experiences, and from it's own policies and practices designed to address such risk, the Defendant should be held liable in this case.

## III. PRAYER

The Plaintiff prays that the truth and justice will ultimately prevail in this unfortunate case. The outcome in favor of the victim in this case will assist with healing throughout her lifetime and would have good ramifications for society.

## IV. STAY OF PROCEEDINGS

In the event that the Court conclude that Plaintiff has not proven duty or breach, the Plaintiff hereby requests the Court to stay these proceedings under F.R.Civ.P., 56(d) to allow further discovery of Defendant's policies and practices that existed on May 19, 2016.

After reviewing limited discovery, Plaintiff recollected Lt. Vandever asking the Plaintiff whether or not Officer B. Westling reviewed a housing unit inmate roster when he (assailant) bypassed him. Additionally, Defendant's Statement Of Facts Exhibit #2 - Attachment I (which is Memorandum For Dan Joslin, the Assistant Director of Human Resources Management Division) states:

"…regarding Bureau of Prisons staff, **a second officer is required on all shifts, in**

**each housing unit**…Thus the 2013 staffing guidelines have been updated…". This contradicts Defendant's Statement of Fact.

Likewise, the Defendant's disclosure of Court Ordered Production (Exbt. #13) is in tension with the Court's in camera findings of those documents. (Doc. #73). As a note, BOP Program Statement #5500.14 was produced before Plaintiff's motion to compel. (See Exbt. #28). The Plaintiff sought discovery of the "Supplement" to #5500.14, which was #5500.14B. Defendant appears to have submitted substantial content from #5500.14 as apparent "filler", throughout their briefings. Therefore, due to questionable production, the Plaintiff requests a stay of approximately 30 days, if this Court were to determine duty and breach has not been established.

Respectfully Submitted,

DATED: June 1st, 2019

Edward J. Gladney, #80179-279

USP Coleman II

P.O. Box 1034

Coleman, FL 33521

7

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed this _____ July 1st, 2019 _____ (month, day, year) to:

Name: AUSA Michael A. Ambri

Address: 405 W. Congress, Ste. #4800, Tucson, AZ 85701

Attorney for Defendant(s)

_____
(Signature)