IN THE UNITED STATED DISTRICT COURT FOR

THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| EDWARD J. GLADNEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. : 17-cv-427-DCB |
| THE UNITED STATES | ) | |
| OF AMERICA, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S STATEMENT OF DISUPUTED FACTUAL ISSUES

Defendant has moved for summary judgment concerning Plaintiff's negligence claim. (Doc. #101). Pursuant to Local Rule 56.1(c), the Plaintiff submits the following list of genuine issues of material fact that require the denial of Defendant's motion:

1. Plaintiff objects to DSOF #6 because the relevant document is vague, flawed, does not detail the full extent of Plaintiff's original detailed statement of the incident, as sworn to in Plaintiff's Declaration (#24 - #32) and Plaintiff's sworn oral deposition testimony. (See Decl. of Gladney and Exbt. #20).

2. Plaintiff objects to DSOF #7 because the relevant document is vague, flawed, does not detail the full extent of Plaintiff's original detailed statement of the incident, as sworn to in Plaintiff's Declaration (#24 - #32) and Plaintiff's sworn oral deposition testimony (See Decl. of Gladney and Exbt. #20).

3. Plaintiff objects to DSOF #8 because the relevant document is vague, fabricated, does not detail the full extent of Plaintiff's original detailed statement of the incident, as sworn to Plaintiff's Declaration (#24 - #32) and Plaintiff's sworn oral deposition testimony. (See Decl. of Gladney and Exbt. #20). The document was created at 7:59 a.m. on 5/20/16 by Dr. C. Ivy. (Exbt. #21). The incident wasn't reported until after 11:00 a.m. on 5/20/16. (See Declaration of Gladney in Opp. #3q - t).

4. Plaintiff objects to DSOF #11 because pursuant to 28 C.F.R.115.72, the agency was mandated to impose "no standard higher than the preponderance of the evidence in determining whether allegations of sexual abuse or sexual harassment are substantiated.." (PSOUF #23). Circumstantial evidence that should have been considered was: Plaintiff's requests for further psychological treatment, statements of one of the inmate witnesses ("Yeah, he will try to spook a guy into sex...he presses [pressures] sex-offenders over the T.V..."). (See USA000354, under seal). Even though the reports are mostly flawed and vague, all of them, at a minimum stated that the assailant "pulled the victim's pants down and masturbated." Such an act, though vague, was sexual harassment, at least, which makes the allegation "substantiated" under 28 C.F.R.115.72. (See PSOUF #23).

5. Plaintiff objects to DSOF #53 because it is vague and incomplete in comparison to what Plaintiff originally stated/reported to BOP staff. (See Decl. of Gladney [#24 - #32] and Exbt. #20).

6. Plaintiff objects, in part, to DSOF #57 because the Plaintiff did write the note to her counselor. However, Plaintiff preserved the full in-depth details for the for

the investigating staff since they would be conducting the investigation. Plaintiff slid this note under a door where the inmate orderly worked and took precautions in the event it was read by the inmate orderly.

7. Plaintiff objects to DSOUF #58 because the relevant document is vague and flawed in comparison to Plaintiff's original statement reported to BOP investigators, BOP medical staff, and BOP psychology staff, as well as Plaintiff's sworn detailed Declaration (#24 - #32) and Plaintiff's sworn oral deposition testimony. (See Decl. of Gladney and Exbt. #20). The Plaintiff told the BOP officials who interviewed her all the detailed facts related to the incident as stated in Plaintiff's deposition. However, those BOP officials who interviewed Plaintiff have documented her original statement with vagueness and misinformation, which would negate or otherwise, mitigate their liability to this anticipated (at that time) case.

8. Plaintiff objects to DSOF #61 because at the time Plaintiff filed the administrative tort claim, Plaintiff was unaware the claim was a prerequisite to filing an FTCA lawsuit, nor did the Plaintiff know that the United States was the proper Defendant in an FTCA lawsuit. Plaintiff also was not aware that the United States could be liable for her claim for negligence. At the time Plaintiff filed this instant action, Plaintiff was rather ignorant of the law, especially concerning civil matters, which was one reason Plaintiff used a paralegal service to file the lawsuit, initially. (See Doc. 7, at page 6). Further, the Plaintiff was housed in the SHU and in transit right before filing this lawsuit and was not able to frequent the law library, access her legal documents relevant to this case, or able to efficiently and

sufficiently confer with the paralegal service due to the restrictive nature of the SHU. (See Decl. of Gladney). Further evidence of a lack of communication between Plaintiff and the paralegal is shown within the complaint stating I suffered "various bodily injuries". (See Doc. 7 at page 3). At the deposition, Defendant asked Plaintiff: "You're (You are) aware..." At the time during the deposition, Plaintiff was aware of many aspects and steps to initiating a lawsuit, but not at the time the Plaintiff initiated this claim and lawsuit. (See Defendant's Exhibit 1 at 110:7). The Defendant even recognized that an argument of the Plaintiff's was "very novel." (See Doc. 29, at page 4:18).

9. Plaintiff objects to DSOF #62 because the evidence has been offered to prove that Plaintiff engaged in other sexual behavior; or to prove Plaintiff's sexual predisposition. (Fed.R.Evid., Rule 412(a)). Any relevancy is far outweighed by it's prejudicial effect and Plaintiff has not placed her reputation in controversy prior to these proceedings. (Fed.R.Evid., Rule 412(b)(2)). Further, the Defendant has shown a propensity to falsify, or otherwise, misrepresent documents relevant to the Plaintiff's crimes under seal. Therefore, as a precaution, in the event this objection is overruled, the Court should verify Plaintiff's criminal history by reviewing Plaintiff's Pre-Sentence Investigation Report, in full, at: United States v. Gladney, #4:10-cr-00735-1, Doc. #47- (under seal); within the Southern District of Texas, Hon. V.D. Gilmore presiding. Plaintiff asserts that no violent crimes are anywhere in her criminal history. Moreover, Plaintiff's offenses were against minors and no force or violence was ever used. However, assailant's extensive criminal history is

complete with violent crimes, mostly violent sexual assaults. (See USA000352, under seal). (Defendant's Exbt. #2, Atth. A).

10. Plaintiff objects to DSOF #67 because Plaintiff's disciplinary history is inadmissible as character evidence. (Fed.R.Evid., Rule 404(b)). Plaintiff's disciplinary history, as also objected to at Plaintiff's oral deposition, is irrelevant, any probative value is far outweighed by the prejudicial nature, and impermissible character evidence. Even if Plaintiff's disciplinary history is admissible under Rule 404(b), it should be excluded because it is highly prejudicial. (Rule 403), (Fed.R.Civ.P., 56(c)(2). More so, this is not the proper stage for the credibility determinations. In the event that this objection is overruled, Plaintiff admits she has "lied in the past" (over 6 years ago) while attempting to adjust to the prison setting. Plaintiff had recently arrived at the institution and had a difficult time adjusting (in retrospect). The Plaintiff asserts she is stating whole truths concerning this case, and has not exaggerated her sworn pleadings.

11. Plaintiff objects to DSOF #67 because the evidence has been offered to prove that Plaintiff engaged in other sexual behaviors; or to prove Plaintiff's sexual predisposition. (Fed.R.Evid., Rule 412(a)). Any relevance is far outweighed by it's prejudicial effect and Plaintiff has not placed her reputation in controversy within these proceedings. (Fed.R.Evid., Rule 412(b)(2)). The Defendant has failed to mention of how that disciplinary case is currently being litigated (appealed) in the U.S. District Court for the Middle District of Florida- Ocala Division, and the outcome is pending. (See 5:18-cv-00517-MMH-PRL). Defendant has also neglected to mention that this disciplinary case is the subject of a retaliation

5

lawsuit filed in the U.S. District Court for the Eastern District of Texas-Beaumont, which is also pending. (See 1:18cv293) (Exbt. #15). Plaintiff further objects to DSOF #67 on the grounds that Plaintiff's disciplinary history is inadmissible as character evidence. (Fed.R.Evid., Rule 404(b)). Plaintiff's disciplinary history, which Plaintiff also objected to at deposition, is irrelevant to the claims within this case, and any probative value is far outweighed by the prejudicial nature, and impermissible character evidence. Even if Plaintiff's disciplinary history is admissible under Rule 404(b), it should be excluded because it is highly prejudicial. (Rule 403), (Fed.R.Civ.P., 56(c)(2)). Additionally, Defendant has misconstrued Plaintiff's reason for sending the inmates a message before the disciplinary hearing. The purpose for Plaintiff sending the message was to urge the inmate witnesses to report the truth regardless of possibly being labeled as a "snitch". Plaintiff urged them to speak the truth about what they knew to be true: that I was being threatened and harassed by the inmate. The video evidence clearly shows that Plaintiff's arms were by her sides, not touching the aggressor. This evidence demonstrates the Plaintiff was in distress and this was an unwillful act committed out of fear and duress. (See Exbt. #22). Plaintiff also documented, in detail, to the inmates' assaultive and harassing behavior to the hearing officer. (See Exbt. #23). A few hours after, Plaintiff reported this inmate to the A.W. via computer, S.I.S. Madrid reviewed the camera, then placed Plaintiff in the SHU. Plaintiff received an incident report for Engaging in a Sex Act, the assailant went back to general population, and Plaintiff was transferred to a violent U.S. Penitentiary where sex offenders are well-known to be assaulted (U.S.P.

Beaumont). This formed the basis of Plaintiff's Retaliation claim against various BOP officials at U.S.P. Tucson. (See 1:18cv293), (Exbt. #15).

12. Plaintiff objects to DSOF #68 for the reasons outlined in Plaintiff's Declaration In Opposition (#3.b. - #3.d.).

DATED: May 26th, 2019

Respectfully Submitted,

*/s/ Edward J. Gladney*

Edward J. Gladney, #80179-279

USP Coleman II

P. O. Box 1034

Coleman, FL 33521

(352) 689-7000

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed this _____ July 1st, 2019 _____ (month, day, year) to:
Name: AUSA Michael A. Ambri
Address: 405 W. Congress, Ste. #4800, Tucson, AZ 85701
Attorney for Defendant(s)

_____
(Signature)