IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

FILED _____ LODGED
_____ RECEIVED _____ COPY

NOV 1 2 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Edward J. Gladney,  )
    Plaintiff,        )
        v.            ) Civil No.: 17-cv-427-DCB
The United States     )
    of America,       )
    Defendant.        )

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, Edward J. Gladney (pro se) hereby submits the follo-wing motion for reconsideration based on "clear error" and that the initial decision was "manifestly unjust". *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Court failed to consider the following in granting the Defendant's Rule 12(b) Motion and Summary Judgment (Doc.131):

1. Although it may be true that §4042 allows for relatively broad dis-cretion on the part of the BOP officials, and that there may be no specific rules or regulations that describe exactly how officials should determine which inmates to allow access to the housing unit (B-2), that fact does not provide officials with "unchecked discretion" to blantantly disregard the mandate set forth in §4042. Therefore, the Court should not have concluded that the official's decision in this situation involved a permissible exercise of dis-cretion, when Plaintiff's safety was very clearly at risk and the officials knew or should have known of such risk at an inst-itution flooded with violent high-security sex offenders, because BOP officials are bound to exercise ordinary care in providing for Plaintiff's safety. *McKinney v. U.S.*, 950 F. Supp. 2d 927, 928. Knowing the risk to Plaintiff it cannot be said that Housing Unit Officer B. Westling exercised "ordinary care" on the day

1

of the sexual assault. Likewise, the decision not to exercise ordinary care, in light of the obvious elevated risk of harm, was not guided by "legitimate policy considerations." *Id. at 930.* Therefore, the decision made by the Defendants was not "of the kind that the discretionary function exception was designed to shield." *United States v. Gaubert,* 499 U.S., 322-23. "The discretionary function exception may not apply where (as in this case) federal officials are aware of a specific and immediate threat to an inmate's safety." *Parker v. United States,* 2012 U.S. Dist. LEXIS 88218, 2012 WL 2414887 at *3, No. 11-cv-176-ART (E.D. Ky. June 26, 2012) (citations omitted). This is so because, "[i]n such cases, "there is a high likelihood that actions are not based in policy." *Id.* (quoting *Ceballos v. United States,* No. 7:11-21-ART, 2011 U.S. Dist. LEXIS 135045, 2011 WL 5855290, at *3 (E.D. Ky. Nov. 22, 2011)).

2. In the Ninth Circuit, "the Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply. *Nurse v. U.S.,* 226 F.3d 996, 1002 n.2 (9th Cir. 2000). Here, the federal official(s) were clearly deliberately indifferent to Plaintiff's health and safety, therby in violation of the Eighth Amendment. Congress did not mean to shield from judicial fact finding the use of its employees' discretion to engage "illegitimate means... to fulfill impermissible ends....". *Sabow v. U.S.,* 93 F.3d 1445, 1456 (9th Cir. 1996).

For the foregoing reasons and points of law, Plaintiff avers that the initial decision of this Court was manifestly unjust and was based on "clear error."

Respectfully Requested,

October 28th, 2019

2

3

Edward J. Gladney, #80179-279
USP Coleman II
P.O. Box 1034
Coleman, FL 33521
(352)689-7000

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed
this ___October 31ˢᵗ, 2019___ (month, day, year) to:
Name: ___AUSA Michael A. Ambri___
Address: ___405 W. Congress St., #4800, Tucson, AZ 85701___
             Attorney for Defendant(s)
_____
(Signature)