**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward J Gladney, | No. CV-17-00427-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| JT Shartle, et al., | |
| Defendants. | |

On October 23, 2019, the Court granted summary judgment for Defendants and entered Judgement against the Plaintiff. On November 12, 2019, the Plaintiff filed a Motion for Reconsideration. The time for filing such a motion is 14 days. LRCiv. 7.2(g). The motion is untimely, and it is denied on the merits.

Motions to reconsider are appropriate only in rare circumstances, such as where the Court is: "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D.Va.1983). For example, a motion to reconsider would be appropriate where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to

reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare. *Id., see also, Sullivan v. Faras-RLS Group, Ltd*., 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

The Plaintiff's assertion for reconsideration is simply that the Court got it wrong and, therefore, committed clear error and entered a decision that is manifestly unjust. Plaintiff reasserts his argument made in response to the Defendants' Motion for Summary Judgment that officials did not have discretion to have only one officer on duty because he was confined in an institution flooded with violent high-security sex offenders, and in the face of this high safety-risk, the Defendants knew or should have known that putting one officer in charge was not exercising ordinary care. The Court understood this argument on summary judgment and rejected it, and the Court rejects it now.

The Plaintiff's Motion for Reconsideration simply challenges the Court's reasoning. This is not a rare circumstance of misapprehension.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 133) is DENIED.

Dated this 18th day of November, 2019.

Honorable David C. Bury
United States District Judge