Gregg P. Leslie, Gregg.Leslie@asu.edu, Bar # 035040 *
Ryan Lee, rdlee4@asu.edu **
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor College of Law
111 E. Taylor St., Mail Code 8820, Phoenix, AZ 85004
Telephone: (804) 727-7398
* Certified supervising attorney pursuant to L.R. Civ. 83.4(e)
** Certified limited practice student pursuant to L.R. Civ. 83.4(e)
*Attorneys for Movants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward J Gladney,<br><br>    Plaintiff,<br><br>v.<br><br>JT Shartle, et al.,<br><br>    Defendants. | No. CV-17-00427-TUC-DCB<br><br>**Motion by Human Rights Defense Center, Johnson & Klein, PLLC, Prof. Gregg Leslie, and Prof. Eugene Volokh to Intervene (for the Limited Purpose of Unsealing) and Unseal**<br><br>**Oral Argument by Certified Limited Practice Student Requested** |

Movants Human Rights Defense Center, Johnson & Klein, PLLC, Prof. Gregg Leslie, and Prof. Eugene Volokh move to intervene and unseal the Order Denying Plaintiff's Motion for Summary Judgment, and granting Defendants' Motion to Dismiss for Lack of Jurisdiction and Motion for Summary Judgment (ECF No. 131).

s/ Gregg P. Leslie
Gregg P. Leslie

Attorney for Movants

Gregg P. Leslie, Gregg.Leslie@asu.edu, Bar # 035040 *
Ryan Lee, rdlee4@asu.edu **
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor College of Law
111 E. Taylor St., Mail Code 8820, Phoenix, AZ 85004
Telephone: (804) 727-7398
* Certified supervising attorney pursuant to L.R. Civ. 83.4(e)
** Certified limited practice student pursuant to L.R. Civ. 83.4(e)
Counsel for Movants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward J Gladney,<br><br>        Plaintiff,<br><br>v.<br><br>JT Shartle, et al.,<br><br>        Defendants. | No. CV-17-00427-TUC-DCB<br><br>**Memorandum in Support of Motion by Human Rights Defense Center, Johnson & Klein, PLLC, Prof. Gregg Leslie, and Prof. Eugene Volokh to Intervene (for the Limited Purpose of Unsealing) and Unseal**<br><br>**Oral Argument by Certified Limited Practice Student Requested** |

## INTEREST OF MOVANTS

The Human Rights Defense Center publishes Prison Legal News, and has often sought to unseal federal court documents and otherwise obtain public records related to prisons. It would also like to be able to see the opinion to consider whether to write about it in its publication.

Johnson & Klein, PLLC, is a civil-rights and criminal-defense litigation firm in Boulder, Colorado, that represents prisoners in federal courts throughout the country. The firm has represented clients who have been sexually assaulted in prison, including transgender

1

clients, and currently represents the estate and widow of a prisoner who was murdered by another inmate in a federal prison. The firm has also represented clients in federal death penalty prosecutions in which inmate violence in federal prisons is highly relevant to the defense. It is important for the firm, in its litigation and advocacy work, to be able to conduct legal and factual research by reviewing federal judicial opinions discussing violence by inmates, including in cases where such violence is alleged to have violated the targets' civil rights.

Gregg P. Leslie is a professor of practice at the Sandra Day O'Connor College of Law of Arizona State University, as well as the Executive Director of the school's First Amendment Clinic. The clinic closely follows developments with access to courts, particularly in Arizona, and writes about such issues on its website, https://law.asu.edu/first-amendment-clinic.

Eugene Volokh is the Gary T. Schwartz Professor of Law at UCLA School of Law, where he specializes in First Amendment law. He writes extensively on various legal questions, including at the *Reason Magazine* site, http://reason.com/volokh. He seeks to unseal the opinion so that he can write about it.

## BACKGROUND

Plaintiff Edward Gladney filed this Federal Tort Claims Act lawsuit, alleging that the Bureau of Prisons was responsible for failing to prevent a sexual assault on Gladney. (ECF No. 10.) Both parties moved for summary judgment. (ECF No. 79, 109.)

The United States moved to seal various attachments to the statement of facts attached to its summary judgment motion, including the report of the sexual assault allegation, the

Bureau of Prisons staffing guidelines, and several of Gladney's medical, psychological, and incident reports (the "Confidential Documents"). (ECF No. 103.) The Court granted the motion to seal. (ECF No. 108.)

On October 23, 2019, the Court denied Gladney's motion and granted the United States' motion for summary judgment in a sealed opinion (the "Opinion"). (ECF No. 131.) The Opinion appears to have been sealed on the court's own motion; the docket does not reflect that either party had filed such a motion.

Movants now bring this Motion to Intervene and Unseal the Opinion.

## SUMMARY OF ARGUMENT

"An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). Therefore, "it should go without saying that the judge's opinions and orders belong in the public domain." *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Even if there is some confidential material in the Opinion, "redaction is an adequate alternative to closure, and it is preferred given our strong tradition of open court proceedings." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1095 (9th Cir. 2014) (internal citation omitted). Redaction can "protect [party] privacy interests while leaving other meaningful information." *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

The Opinion decides the parties' motions for summary judgment, and thus presumably contains a good deal of analysis of the relevant legal principles; this analysis should be made public, even if some of the confidential factual information is redacted. And the common law and constitutional right of public access to the Opinion is especially clear because the Court has not "articulate[d] the factual basis for its ruling" on the record, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted); *see also* LRCiv 5.6(b) (stating that "[a]ny motion . . . to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal," which on its face includes "the Court's own motion" to seal).

Movants, who want to write about the Opinion, also have standing to intervene, as "[n]onparties seeking access to a judicial record in a civil case . . . under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S. Dist. Court – N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999). For these reasons, Movants' Motion to Intervene and Unseal should be granted.

## ARGUMENT

**I.   Movants have standing to intervene to assert the public's common-law and constitutional rights of access.**

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News*, 187 F.3d at 1100. "Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of

4

law and fact between the movant's claim or defense and the main action." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "[W]hen a party seeks to intervene only for the purpose of modifying a protective order," no further "nexus of fact or law" is required, *id*. at 474; the same would apply for parties seeking intervention solely to unseal, *San Jose Mercury News*, 187 F.3d at 1103. And where the "[intervenors] ask the court only to exercise that power which it already has," such as to unseal an opinion, "no independent jurisdictional basis is needed." *Beckman Indus.*, 966 F.2d at 473.

The Motion is also timely because "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records," *San Jose Mercury News*, 187 F.3d at 1101, and the Opinion was issued only one year ago. Three factors should be weighed to determine the timeliness of a motion: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* Movants seek to unseal the Court's final order, so intervention will not interrupt litigation. Nor will Movants' intervention cause prejudice, because neither party moved to seal the Opinion. The delay, such as it is, happened simply because Movants were unaware of the Opinion until recently, given that it was sealed.

## II. The public has both a common-law and constitutional right of access to the Opinion.

### A. There is no "compelling reason" articulated on the record to overcome the strong common-law presumption of public access to judicial opinions.

The Ninth Circuit "start[s] with a strong presumption in favor of access to court records." *Foltz*, 331 F.3d at 1135. "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have

5

a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety*, 809 F.3d at 1096 (internal quotation marks omitted).

This presumption of public access is therefore particularly strong for judicial opinions: "An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy*, 692 F.2d at 893. "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Pub. Citizen*, 749 F.3d at 267. Therefore, "it should go without saying that the judge's opinions and orders belong in the public domain." *Union Oil Co.,* 220 F.3d at 568. "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted).

Accordingly, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety,* 809 F.3d at 1096 (internal quotation marks omitted); *see also* LRCiv 5.6(b) (stating that "[a]ny motion . . . to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal," which on its face includes "the Court's own motion" to seal). These "compelling

reasons supported by specific factual findings" must "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" which, as demonstrated, is especially strong for judicial opinions. *Kamakana*, 447 F.3d at 1178-79 (internal quotation marks omitted).

There appears to be no basis to overcome the presumption of access to the Opinion in this case. If a reason exists, it would have been helpful if the Court had "articulate[d] the factual basis for its ruling" on the record, as the Ninth Circuit requires. *See id.* at 1179. When "the district court fail[s] to articulate any reason in support of its sealing order . . . the order sealing the district court's record must be vacated." *Hagestad v. Tragesser*, 49 F.3d 1430, 1435 (9th Cir. 1995).

To the extent there is information in the Opinion that should be kept confidential, "redaction is an adequate alternative to closure, and it is preferred given our strong tradition of open court proceedings." *Index Newspapers*, 766 F.3d at 1095 (internal citation omitted); *see also Foltz*, 331 F.3d at 1137 ("third-party medical and personal records can be redacted easily to protect third-party privacy interests while leaving other meaningful information"). The Opinion adjudicates the parties' summary judgment motions, and thus presumably discusses legal questions that can be understood even apart from confidential factual details. The Opinion can therefore be unsealed, or at least easily redacted, without disclosing confidential information. When there is only "a small number of third-party medical and personnel records that can be redacted with minimal effort," there is no "'good

7

cause,' let alone a compelling reason, for [a] protective order to overcome the strong presumption in favor of public access." *Foltz*, 331 F.3d at 1137.

### B. There is also a First Amendment presumption of public access to judicial opinions, which has not been rebutted in the record.

"[B]oth our common experience and the logical extension of First Amendment principles lead to the conclusion that the press's right of access to civil proceedings and documents fits squarely within the First Amendment's protections." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (internal quotation marks omitted). "Where the first amendment supplies the right of access, the party seeking access has the benefit of the presumption that disclosure should be made; the burden is upon the proponent of closure to justify a closure order." *Oregonian Publishing Co. v. U.S. Dist. Court,* 920 F.2d 1462, 1467 (9th Cir. 1990). "This presumed right can be overcome only by an overriding right or interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

"The common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Thus, for the reasons the common law presumption applies to the Opinion, the "more rigorous First Amendment" presumption applies more strongly. *Id.*

The record does not shed light on what governmental interest motivated the sealing of the Opinion. Because the sealing of a document must also be narrowly tailored to serve a compelling interest, *see Oregonian Publishing,* 920 F.2d at 1465, and because "redaction

8

is an adequate alternative to closure, and it is preferred given [the Ninth Circuit's] strong tradition of open court proceedings," *Index Newspapers LLC*, 766 F.3d at 1095 (internal citation omitted), the Opinion should at least be unsealed and redacted to allow public access to the substance of the Court's adjudication of this dispute.

## CONCLUSION

Movants have standing to intervene under Fed. R. Civ. P. 24(b)(2) as nonparties seeking access to the Opinion. The Movants' common law and First Amendment rights of public access to the Opinion are particularly strong because "[w]ithout access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Pub. Citizen*, 749 F.3d at 267. If the Opinion contains confidential information, it can easily be redacted to preserve confidentiality while leaving the substantive discussion of the legal issues. The Movant's Motion to Intervene and Unseal should therefore be granted.

Respectfully Submitted,

<u>s/ Gregg P. Leslie</u>
Gregg P. Leslie
Attorney for Movants
(Counsel would like to thank Morgan Schneer, a law student who also worked on this motion.)

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on Sept. 22, 2020, via CM/ECF, which served all the counsel.

s/ Gregg P. Leslie  
Gregg P. Leslie